IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE SATANIC TEMPLE, INC. and ANN DOE<br>PLAINTIFF,<br>*V.*<br>JOHN WILLIAM HELLERSTEDT, MD, in his official capacity as Executive Commissioner of the TEXAS DEPARTMENT OF STATE HEALTH SERVICES,<br><br>TEXAS DEPARTMENT OF STATE HEALTH SERVICES, and<br><br>PLANNED PARENTHOOD CENTER FOR CHOICE, INC.<br>DEFENDANTS. | CASE NO. 4:21-CV-00387 |

## EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER

COMES NOW Plaintiff The Satanic Temple ("TST"), by and through counsel Matthew A. Kezhaya (AR # 2014161, *pro hac vice* pending) of Kezhaya Law PLC and Brad Ryynanen (TX # 24082520), of the Ryynanen Law Office PLLC, and brings this action against the John William Hellerstedt, MD in his official capacity as Executive Commissioner of the Texas Health and Human Services Commission, ("Dr. Hellerstedt"), the Texas Health and Human Services Commission (the "**Commission**"), and Planned Parenthood Center for Choice, Inc. ("Planned Parenthood") and collectively with the Commission and Dr. Hellerstedt, "Defendants").

As explained in detail in the Complaint, TST brings this action on behalf of its members, especially member Ann Doe. Ms. Doe is a member of TST who intends to engage in a religious ceremony that will culminate in the abortive act. Texas abortion regulations interfere with this ceremony, which raises constitutional suspicions. Texas' abortion regulations fail constitutional scrutiny and fail scrutiny under the Texas Religious Freedom Restoration Act ("TRFRA"). If the

Court does not grant this emergency temporary restraining order in accordance with Federal Rule of Civil Procedure 65, Ms. Doe will be required to undertake medically unnecessary steps as part of the abortive process that undermine her religious liberties and disrupt a religious ceremony. Accordingly, TST and Ms. Doe respectfully ask this Court to grant the TRO.

### I.      BASIS OF EMERGENCY

TST's member, Ms. Doe, is scheduled to receive a medical abortion on February 6, 2021.  *See* Exhibit A, ¶ 16.  If the Court does not grant the relief requested herein prior to the appointment, Ms. Doe will be forced to undergo medically unnecessary procedures that are contrary to her sincerely held religious beliefs and substantially burden Ms. Doe's religious experience of performing a Satanic Abortion Ritual (the "Ritual").  *Id.*  Delaying the Ritual is not an option for Ms. Doe, and Ms. Doe should not be required to set medical appointments and plan religious activities while burdened by unnecessary regulations infringing on her religious practices..

Accordingly, Plaintiffs respectfully request an emergency hearing to address Ms. Doe's concerns before her appointment.  However, in the event the Court cannot hear this matter before Ms. Doe's appointment, TST and Ms. Doe remain interested in the subject matter of this litigation because TST, Ms. Doe, and other members of TST are likely to face similar substantial burdens on their religious beliefs and practices represented by the regulation's application to the Ritual.  Roe v. Wade, 410 U.S. 113, 125 (1973) ("Pregnancy provides a classic justification for nonmootness."); June Med. Servs. L.L.C. v. Russo, 140 S. Ct. 2103, 2169 (Alito, J., dissenting) ("[I]f a woman seeking an abortion brings suit, her claim will survive the end of her pregnancy under the capable-of-repetition-yet-evading-review exception to mootness."); see, also 13C Wright & Miller § 3533.8 (collecting examples).

## II.   BACKGROUND AND FACTS

TST is a famous IRS-recognized atheistic religious corporation with its principal place of business in Salem, Massachusetts.  TST's membership exceeds 270,000 and was recently the subject of the acclaimed film, "Hail Satan?" (2019, Magnolia Films).  See also Satanic Temple v. City of Scottsdale, No. CV18-00621-PHX-DGC, 2020 WL 587882 (D. Ariz. Feb. 6, 2020) (holding that TST is a bona fide religion).  TST's membership can be found in every state, including Texas.  TST venerates (but does not worship) the biblical adversary as a promethean icon against tyranny.  For TST and its membership, the Satan described in Paradise Lost and like works is a revolutionary antihero who stood up against impossible odds to seek justice and egalitarianism for himself and others.  TST propagates its Seven Tenets:

(1)   One should strive to act with compassion and empathy toward all creatures in accordance with reason.

(2)   The struggle for justice is an ongoing and necessary pursuit that should prevail over laws and institutions.

(3)   One's body is inviolable, subject to one's own will alone.

(4)   The freedoms of others should be respected, including the freedom to offend.  To willfully and unjustly encroach upon the freedoms of another is to forgo one's own.

(5)   Beliefs should conform to one's best scientific understanding of the world.  One should take care never to distort scientific facts to fit one's beliefs.

(6)   People are fallible.  If one makes a mistake, one should do one's best to rectify it and resolve any harm that might have been caused.

(7)     Every tenet is a guiding principle designed to inspire nobility in action and thought. The spirit of compassion, wisdom, and justice should always prevail over the written or spoken word.

https://thesatanictemple.com/pages/about-us (last visited November 11, 2020); see, also Exhibit A-1.  One of TST's religious ceremonies is the Ritual.  See Exhibit B.

Ms. Doe, plaintiff, sues anonymously because she wants to avoid the catastrophic side-effects from the controversy surrounding this case and the deeply personal nature of the subject of this dispute. Ex. A, ¶ 2.  Doe is a pregnant woman who resides at least 100 miles from the nearest abortion clinic, which is the Planned Parenthood facility in Houston, TX.  *Id.* ¶ 3.  Doe is a TST member and has been a member of TST since before she became pregnant.  *Id.*  Doe wants to participate in TST's Ritual unrestrained by the Texas regulations described below.  *Id.*

Ms. Doe feels forced to comply with certain regulations to which she has a religious objection. *Id.* ¶ 5.  Ms. Doe's decision to engage in the Ritual is meaningfully different from a secular abortion. *Id.*  As a member of TST, Ms. Doe venerates the biblical concept *ha satan* (literally: "the adversary" or "the accuser").  *Id.*  *Ha satan* is a description of being, not a particular individual.  *Id.*  Ms. Doe is a nontheistic Satanist who venerates the concept of the Biblical Satan and participates in various rituals but does not literally worship the divine entity that Christians identify as "The Devil" and does not have any expectation that participating in a ritual, by itself, will affect the outside world.  *Id.*  But Ms. Doe still believes in the power of ritual and believes that authority should be rebelled against (or "accused") if it is tyrannical.  *Id.* ¶ 6.  Specifically, Ms. Doe as a member of TST finds the regulations imposed by Texas to be "tyranny."  *Id.*

TST members generally, and Ms. Doe specifically, believe in an inversion of the traditional Christian norms.  *Id.* ¶ 7.  For example, Ms. Doe believes that the self should be assigned a greater

importance to the outside world.  *Id.*  This is an inversion of the Christian norm that the outside world (e.g., God and Church) may freely dictate the thoughts and actions of the adherents. *Id.*  Likewise, Ms. Doe does not subscribe to humility as a virtue and self-deprecation as a lifestyle.  *Id.*  Ms. Doe does not denigrate desires and practices that they enjoy which does not harm others.  *Id.*  TST has enshrined this belief in the Third Tenet ("One's body is inviolable, subject to one's own will alone.").  Ms. Doe holds this tenet as one of her beliefs as a member of TST.  *Id.*; see also Exhibit A-1.

At issue here, the Ritual allows Ms. Doe to express her sincerely held beliefs as a member of TST.  *Id.* ¶ 8.  Notably, there are several other Satanic Destruction Rituals (such as the ritualistic destruction of a symbol) that are not at issue here.   These other rituals show that the Ritual is an expression of Ms. Doe's sincerely held religious belief.  Ms. Doe's participation in this ritual is intended to help her cast off any guilt, shame, or mental discomfort she may experience in connection with her election to abort the pregnancy.  *Id.*; see also Exhibit B.

The ritual further confirms Ms. Doe's choice and wards of any effects of unjust persecution.  *Id.*  Here, Ms. Doe's perception of the unjust persecution is an improper effort of the State (the "outside world") to infringe on her decision-making about her own health decision (the "inside world.")  *Id.*  Ms. Doe perceives the State's intrusion into a member's decision about their own body is a tyrant overpowering resistance to compel beliefs and actions.  *Id.*  In other words, she sees it as an abuse of power.  *Id.*  In other words, Ms. Doe understands the abortion regulations as placimg the State in the role of tyrant-king which claims divine authority to make her as a Satanist feel guilt, doubt, and shame on an issue of religious significance.  *Id.*  This is deeply offensive to Ms. Doe as one who subscribes to the Third Tenet.  *Id.*

Ms. Doe discovered she was pregnant on January 13, 2021.  *Id.* ¶ 10.  Ms. Doe considered her options and resolved to abort the pregnancy through the Ritual.  *Id.*  Ms. Doe lives more than 100

miles from any nearby abortion facilities, with the closest facility being the Planned Parenthood facility in Houston, Texas. *Id.* ¶ 4. Ms. Doe contacted that facility to arrange for a medical appointment to complete the ritual. *Id.* ¶ 10.

During her communications with the facility, Ms. Doe learned of certain abortion regulations that impede her ability to participate in the Ritual. *Id.* ¶ 11. Specifically, Ms. Doe takes issue with the following regulations:

(a) A requirement to have a sonogram as a precondition of obtaining an abortion,

(b) A forced decision to reject the "opportunity" of seeing the sonogram results,

(c) The forced listening to a narrative of the sonogram results, and

(d) A mandatory waiting period between the sonogram and receiving the abortion.[1] *Id.*

None of these regulations are medically necessary.[2] *Id.* ¶ 12. The first three regulations require Ms. Doe to disrupt the Ritual and directly violate the Fifth Tenet of her belief as a member of TST. *Id.* The fourth regulation requires a medically unnecessary delay during the Ritual. *Id.* Further, Ms. Doe is concerned that the waiting period may require her to wait in her car due to COVID-19 restrictions on occupancy at the clinic. *Id.* This waiting period would further subject Ms. Doe to potential protesters that would undermine her ability to experience the benefits of the Ritual – especially the removal of shame or guilt from the abortive act. *Id.*

Further, the sonogram makes the abortion cost $150 more and Ms. Doe has limited financial resources. *Id.* ¶ 13. Ms. Doe does not want to expend her limited funds on a medical procedure to which she objects. *Id.* By regulating the abortive act and refusing to grant an exemption for the Ritual,

---

[1] *See* TEX. HEALTH & S § 171.012(a)(4) and (5) and TEX. HEALTH & S § 171.0122.
[2] *See* Dr. Jen Russo, "Mandated Ultrasound Prior to Abortion" *Virtual Mentor.* 2014;16(4):240-244. doi: 10.1001/virtualmentor.2014.16.4.ecas1-1404.

the State has placed a barrier between Ms. Doe and her ceremony.  *Id.*

Notably, Ms. Doe sought a religious exemption to these regulations, by contacting the clinic on January 22, 2021.  *Id.*  ¶ 14.  She sought the exemption because the regulations violate her beliefs and because they substantially interfere with the Ritual.  *Id.*  The facility informed Ms. Doe that it could not provide an exemption.  *Id.*  Ms. Doe does not fault the facility for failing to provide a religious exemption, because – as written – the regulations at issue do not provide for religious exemptions.[3]  *Id.*  Thus, Ms. Doe understands that if the facility were to grant an exemption, it could face sanctions from the State of Texas.  *Id.*

Through counsel, Ms. Doe issued a TRFRA demand letter to the Facility and the Commission. *Id.* ¶ 15; see also Exhibit A-2.  However, as of the time of filing, the Facility and Commission have not provided any form of exemption from the regulations.  *Id.*

## III.   ARGUMENT AND AUTHORITIES

Plaintiffs reallege and incorporate by reference the allegations and verified facts above and those in the Complaint as if fully set forth herein.

Plaintiffs seek injunctive relief under the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 65.  Plaintiffs specifically seek emergency relief because Ms. Doe's appointment is February 6, 2021, and the Court can only prevent the substantial burden on Ms. Doe's religious practice through a temporary restraining order.

Ms. Doe will suffer imminent and irreparable injury if Defendants are not enjoined from enforcing the regulations that will burden Ms. Doe's experience of the Ritual.  There is a real and immediate threat to Ms. Doe, and an extended threat to all of TST's members, that enforcement of

---

[3] TST also understands the unfortunate position the State of Texas has placed the facility in – requiring medically unnecessary procedures and not allowing any leeway for religious exemptions.

these regulations will violate their Constitutional rights and unduly burden their religious practice.

As described in detail in the Complaint, violates Plaintiffs Free Speech, Free Exercise of Religion, Equal Protection, imposes an undue burden under Planned Parenthood of Se. Pennsylvania v. Casey, 505 U.S. 833, 877, 112 S. Ct. 2791, 2820, 120 L. Ed. 2d 674 (1992), and violates TRFRA.

Plaintiffs are willing to post a bond in the amount that the Court deems appropriate.  But Plaintiffs note that there is no financial damage to Defendants that would be caused by this request for a temporary restraining order.

Plaintiffs respectfully request that their application for a temporary restraining order be granted, enjoining and restraining:

(i)     Dr. Hellerstedt and the Commission, including any enforcement arm of the State of Texas, from enforcing the regulations codified at TEX. HEALTH & S § 171.012(a)(4) and (5) and TEX. HEALTH & S § 171.0122;

(ii)    Planned Parenthood from: (a) performing a medically unnecessary sonogram as a precondition to performing an abortion for Ms. Doe; (b) providing Ms. Doe the "opportunity" to view the sonogram results thereby forcing Ms. Doe to reject such "opportunity"; (c) providing a forced narrative of sonogram results; (d) requiring a waiting period between any sonogram and the abortion procedure; and (e) billing Ms. Doe for a medically unnecessary sonogram.

### IV.    PRAYER FOR RELIEF

**WHEREFORE** Plaintiffs pray for relief as follows.

1.  The Court should issue a temporary restraining order pursuant to Federal Rule of Civil Procedure 65 in the form provided as a proposed order and in accordance with the evidence and arguments above.

Respectfully submitted,

Date:   February 5, 2021

By:     /s/ Matthew A. Kezhaya
        Attorney-in-charge (*pro hac vice* pending)
        Matthew A. Kezhaya, ABA # 2014161
        Kezhaya Law PLC
        1202 NE McClain Road
        Bentonville, AR 72712
        P: 479-431-6112
        Email: matt@kezhaya.law

        /s/ Brad Ryynanen
        Brad Ryynanen
        Texas Bar No. 24082520
        The Ryynanen Law Office, PLLC
        515 Centre Street, # 4471
        Dallas, TX 75208
        P: 214-972-8640
        Email: brad@bdrlegal.com