United States District Court
Southern District of Texas
**ENTERED**
February 06, 2021
Nathan Ochsner, Clerk

### United States District Court
### Southern District of Texas
### Houston Division

| | | |
|---|---|---|
| THE SATANIC TEMPLE INC and ANN DOE, | § § | CIVIL ACTION NO. 4:21-cv-00387 |
| Plaintiffs, | § | |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| JOHN WILLIAM HELLERSTEDT, *et al*, | § § | |
| Defendants. | § | |

### Order

Before the Court is an emergency application by Plaintiffs The Satanic Temple, Inc and Ann Doe seeking a temporary restraining order against Defendants John William Hellerstedt, the Texas Department of State Health Services, and the Planned Parenthood Center for Choice, Inc. Dkt 2.

The application was filed along with the original complaint on February 5, 2021. Dkt 1. The case was assigned upon filing to Judge Keith Ellison, who recused. Dkt 5. It was then reassigned to Judge Andrew Hanen, who also recused. Dkt 7. It was then reassigned to this Court on this Saturday afternoon, February 6th. Dkt 8. The relief sought in the application refers to an appointment on this same day with Planned Parenthood in Houston, Texas. As such, the relief sought may by now be moot. To the extent it is not, the application is denied.

Emergency applications still require compliance with due process, to the extent reasonably permitted by the specified emergency. Section 3(a) of this Court's procedures pertains to requests for emergency relief and requires the initiating party to satisfy Rule 65(b) of the Federal Rules of Civil Procedure. Section 3(b) further requires that "the initiating party must in good faith attempt immediate informal service on the opposing party by any

available means, including forward of the application to last-known mail and email addresses."

Plaintiffs make no showing as to Rule 65(b), in particular as to Rule 65(b)(1)(B). The application also contains no certificate of service, and nothing in the papers otherwise indicates that Defendants have been made aware of this emergency application. As such, no papers in response or opposition are before the Court, and Plaintiffs have neither sought nor provided a means by which to convene an emergency hearing on their application. Denial of relief is warranted on this basis alone.

The timing and nature of the application by Plaintiffs is also improper to the extent that the alleged emergency nature of the dispute, at this time, could have been lessened or avoided. Doe alleges awareness of her pregnancy as of January 13, 2021. Dkt 2 at 5. She alleges the scheduling of an abortion procedure on February 6th. Id at 7. But she doesn't indicate when this appointment was selected or whether any reason exists making that date necessary or urgent. She alleges and attaches the service of a demand letter upon Defendants on February 3rd, demanding response from them by the end of the next day, February 4th. Dkt 2-3. All this means that Plaintiffs waited to file their complaint and application until February 5th, the day before the scheduled procedure.

Such timing is unreasonable to the extent Plaintiffs seek to evade notice requirements to adversaries, who have an attendant right to respond and be heard.

The motion is procedurally improper for the foregoing reasons. The emergency application for temporary restraining order is DENIED. Dkt 2.

Proper application may be renewed, if desired, in conformance with this Court's procedures.

SO ORDERED.

Signed on February 6, 2021, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge