# 4:21-cv-387

---

IN THE UNITED STATES DISTRICT COURT,
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

---

**The Satanic Temple**, Inc. and Ann Doe,
*Plaintiffs*

*v.*

Cecile **Young**, health commissioner,
*Defendant.*

---

## RULE 65 MOTION

---



| | |
|---|---|
| **Matt Kezhaya** | matt@crown.law |
| Ark. # 2014161 | direct: (479) 431-6112 |
| Minn. # 0403196 | general: (612) 349-2216 |

333 N. Washington Ave # 300, Minneapolis, MN 55415

– 1 –

MOTION FOR TEMPORARY RESTRAINING ORDER
AND FOR PRELIMINARY INJUNCTION

# NEVER THE TWAIN SHALL MEET

*A play in five acts*

# LAW

Act 1



*Religion is granted morals. Government is granted violence.*

*People follow their morals. Violence does not persuade.*

*Never the twain shall meet.*

# ENCROACHMENT

Act 2



*Government asserts moral authority.*

*Religion's exclusive territory has been invaded.*

*The twain has met.*

# NATURAL RESPONSE

Act 3



*Violence does not persuade.*

*People follow their morals.*

*Tension mounts.*

# Natural Retaliation

Act 4



*The tension is too much.*

*Words stop working.*

*Violence does not persuade.*

# CONCLUSION

Act 5



*Society tries again.*

*Religion is granted morals. Government is granted violence.*

***Never*** *the twain shall meet.*

**COMES NOW** The Satanic Temple, by and through counsel of record, on motion for a temporary restraining order and for preliminary injunction. FRCP 65(a), (b).

## PROCEDURAL HISTORY

Two years ago, this action started as a religious dispute over whether a governmental official had crossed a Constitutional boundary. Between then and now, the predicate for the ritual went from "fundamental right" to "punishable." Something is amiss, but it is not the congregants' problem.

The congregants invoked the Court's attention to the matter with an amended complaint and a motion for both a temporary restraining order and a preliminary injunction. This brief presents the legal argument. The separate appendix presents the proof.

## SUMMARY

The congregants are a religion. Government is to be kept separate from religion. That is the law. Yet, Young, who enforces the

law, interfered with the congregants' ritual. As grounds, Young cites statutes derived from a religious book. The congregants do not subscribe to that book.

Religious beliefs are to be held by consent, or not at all. If the belief causes an action or inaction, that is to be done (or omitted) by consent; or not at all. That is the law. The congregants do not consent to a different religion's input on how the ritual should go.

A different religion, using the legislature, purports to tell the congregants how to think and act. The congregants see it differently. Young escalated things by siding with the other religion's viewpoint. Society has seen one too many religious wars, that is how we got the First Amendment. The Court should grant the motion.

## Argument

1: *The ritual is the practice of a "religion."*

For the ritual to be an expression of the congregants' religion, the congregants and the ritual must be recognizably so.

### *1.1: The congregants act consistently with other religions.*

The congregants are "religious." To be "religious," one must act and think like a religion. The congregants congregate, share fellowship, and engage in ceremony. The subject ritual, in particular, is one of those ceremonies. The congregants act consistently with other recognized religions. To substantiate the foregoing, the congregants made statements. Each statement recognizes the risk of perjury. The congregants are sincere.

Definitionally, the congregants share a set of beliefs about the deeper, imponderable, questions of life. *See* The Seven Tenets. These beliefs bring joy and fulfillment to the congregants. This, too, is consistent with other recognized religions.

### *1.2: The "Theism-only" argument has been tried. It fails.*

The congregants do not subscribe to any deities. But the law is that "*whether* there are gods," is not substantively different from "*whether* the Pope is infallible;" or "*whether* Catholicism is morally bankrupt." The law was written, explicitly, to preclude religion

from being subjected to a vote. *W. Virginia State Bd. of Educ. v. Barnette*, 319 U.S. 624 (1943). Yet the argument was once tried. It failed. *Satanic Temple v. City of Scottsdale*, No. CV18-00621-PHX-DGC, 2020 WL 587882 (D. Ariz. Feb. 6, 2020).

2: *Young interfered with the ritual.*

To justify bringing this matter to the public's attention, the congregants attempted to engage in the ritual. They could not do so because of the challenged statutes. Young thinks the congregants need her approval to perform the ritual. That is *not* the law. *Cantwell v. State of Connecticut*, 310 U.S. 296 (1940).

Young is the head of the government office charged with enforcing the challenged statutes. The ritual did not happen, despite the congregants' best efforts. Young interfered with the congregants' ritual. As grounds, she cites certain statutes.

3: *The statutes are rooted in religion.*

The statutes are rooted in religion. Both sides of the "debate" relied on the same religious book. The legislative debate solely

entailed that book. No rational argument, and no evidentiary hearings. Just that book. The congregants hold that book in contempt. The congregants are entitled to hold that book in contempt. That is the law. **ACT 1**.

The congregants see no good cause for Young to enforce the challenged statutes. Statutes, based on something other than a "law" book, are not law. Religious opinions have a well-earned place of prominence in our society. That place lies categorically outside of our law books. That is the law.

That other religion will not stop at abortion. That other religion sees inaction as weakness. Society has already seen this play one too many times; that is how we got the First Amendment. Tyranny is to be nipped in the bud if it is to be stopped at all. That is the law.

If adherents of that other religion were forced to conform to the congregants' way of thinking or doing, they would rightly cite the First Amendment in opposition. The congregants demand the same respect. They are entitled to the same respect. That is the law.

The congregants notified Young through the appropriate

channels of their objection to these "holy" statutes. Despite this, Young persisted in enforcing the statutes. Young broke the law. **Act 2**.

4: *The congregants are entitled to a pretrial injunction.*

The law is clear. The facts speak for themselves. Young, the would-be tyrant who claims divine authority, interfered with the congregants' ritual. Young presents a problem to a group whose defining religious viewpoint is adversity to tyranny; most especially when that tyranny purports to vest itself with divine authority. Tension will continue to mount. This Court, uniquely, holds the power to relieve that tension, and set the stage back to **Act 1**.

If the lawful exercise of that lawful order is perceived by that other religion as cause for misbehavior, then that other religion will be placing itself at odds with the only lawfully organized military in the lands. They will fall in line, or they will be corrected with the use of force. That is the law. *See* **Act 1**. The only natural alternative is "divinely inspired" tyranny. *See* **Act 4**.

**ACT 2** has now concluded. The only question for the Court is *whether*: (1) we–civil society–may skip to **ACT 5**; or (2) we– civil society–shall revisit **ACTS 3** and **4**.

## PRAYER FOR RELIEF

**WHEREFORE** the Court should enter a temporary restraining order as follows:

**TO**: Cecile Young, and every other agent of the State of Texas acting under color of State law.

You are immediately **RESTRAINED** from enforcing any abortion restrictions against the congregants of The Satanic Temple. The foregoing includes:

- Tex. Rev. Civ. Stat. art. 4512.1;
- Tex. Rev. Civ. Stat. art. 4512.2;
- Tex. Rev. Civ. Stat. art. 4512.3;
- Tex. Rev. Civ. Stat. art. 4512.4;
- Tex. Rev. Civ. Stat. art. 4512.6;
- Tex. Health & Safety Code § 170A.002;

- - o Tex. Health & Safety Code § 171.011 *et seq.;* and
  - o Tex. Health & Safety Code Ann. § 171.201 *et seq.*
- The requirement of bond is waived.

Respectfully submitted,
Matt Kezhaya
matt@crown.law

## WORD COUNT CERTIFICATE

The forgoing consists of **1,234** words.