United States District Court
Southern District of Texas
**ENTERED**
September 07, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE SATANIC TEMPLE INC and ANN DOE, | § § § | CIVIL ACTION NO. 4:21-cv-00387 |
| Plaintiffs, | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| JOHN WILLIAM HELLERSTEDT MD, *et al*, | § § § | |
| Defendants. | § | |

## ORDER

Pending is a motion by Plaintiffs The Satanic Temple Inc and Ann Doe for temporary restraining order and preliminary injunction. Dkt 40. Also under consideration is their intemperate letter demanding a prompt ruling, notwithstanding their prior agreement to different briefing deadlines. Dkt 41.

The parties to this suit filed a joint status report on July 7, 2022, shortly after the Supreme Court's decision in *Dobbs v Jackson Women's Health*, 142 S Ct 2228 (2022). See Dkt 37. And that report was itself expressly required by prior order of this Court in anticipation of the *Dobbs* ruling. See Dkt 34.

Plaintiffs there indicated an intention to seek preliminary injunctive relief. Dkt 37 at 2. As such, the status report contained a jointly proposed briefing schedule. The requested schedule would give Plaintiffs until August 22nd to move for preliminary injunctive relief, Defendants until September 5th to respond, and Plaintiffs until September 26th to reply.

The schedule proposed by the parties was adopted without modification by order entered five days after the status report was received. Dkt 38. No disagreement was expressed with these deadlines at the time or since. And in the status report, Plaintiffs neither indicated an intention to seek a temporary restraining order, nor claimed that they faced any emergency that would warrant expedited decision.

On the deadline by which to move for preliminary injunction, Plaintiffs included in their filing a request for a temporary restraining order. Dkt 40. That motion is threadbare. It totals fifteen pages, but pages two through seven speciously present themselves as pictures from a five-act play, with illustrations seemingly intended as some sort of Venn diagrams occupying much of their space. The remaining pages offer little by way of substance.

Nowhere within these pages do Plaintiffs offer an argument as to why a preliminary injunction or TRO is warranted under Rule 65 of the Federal Rules of Civil Procedure. Indeed, nowhere do Plaintiffs even invoke the appropriate standards pertinent to a request for preliminary injunction or TRO—much less seek to demonstrate that those standards have been met. See *Wiley v Harris County District Attorney*, 27 F4th 1125, 1129 (5th Cir 2022); *Garza v Starr County*, 309 F Supp 3d 454, 456 (SD Tex 2018). And most certainly, Plaintiffs nowhere request or attempt to justify expedited consideration of their motion.

And yet Plaintiffs have since filed a letter demanding a ruling on their motion by September 6th, with putative threat to seek unspecified relief before the Fifth Circuit if such demand isn't met. Dkt 41. This isn't well taken for a number of reasons, but most particularly because (i) it's this Court that solicited prompt input from the parties on the forward path of this litigation after *Dobbs*, and (ii) Plaintiffs themselves agreed to a briefing schedule that hasn't even run its course—much less allowed time for considered decision. What's more, Plaintiffs filed their letter despite having acted with minimal urgency

2

themselves in taking 59 days since the ruling in *Dobbs*, as well as 40 days since this Court entered a briefing schedule setting a deadline, which in no way precluded Plaintiffs from seeking earlier and emergency relief, if any were legitimately necessary.

As to the merits, the burden of persuasion with respect to a TRO or preliminary injunction rests squarely on the party seeking relief. See *Brock Services LLC v Rogillio*, 936 F3d 290, 296 (5th Cir 2019). That includes the familiar showing as to (i) a substantial likelihood of success on the merits, (ii) a substantial threat of irreparable harm if the injunction or TRO isn't granted, (iii) the threatened injury outweighing any harm that the injunction or TRO might cause to the defendant, and (iv) the injunction or TRO not disserving the public interest. *Wiley*, 27 F4th at 1129.

The first factor needn't be addressed at present, because Plaintiffs don't even attempt to establish the second, third, or fourth factors. As such, they in no way demonstrate entitlement to a TRO or preliminary injunction.

The motion by Plaintiffs The Satanic Temple Inc and Ann Doe for temporary restraining order and preliminary injunction is DENIED. Dkt 40.

SO ORDERED.

Signed on September 7, 2022, at Houston, Texas.

*[signature: Chas R Eshridge]*
Hon. Charles Eskridge
United States District Judge

3