IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE SATANIC TEMPLE, INC. and ANN DOE, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § § | |
| TEXAS HEALTH AND HUMAN SERVICES COMMISSION and CECILE YOUNG, in her official capacity as Executive Commissioner of the HEALTH AND HUMAN SERVICES COMMISSION, | § § § § § § § § | Civil Action No. 4:21-cv-00387 |
| *Defendants.* | § | |

**DEFENDANTS' MOTION TO DISMISS
PURSUANT TO RULES 12(B)(1) AND 12(B)(6)**

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

CHRISTOPHER D. HILTON
Chief, General Litigation Division

RYAN G. KERCHER
Deputy Chief, General Litigation Division

HEATHER L. DYER
Assistant Attorney General
General Litigation Division

Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548

*Counsel for Defendants*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................ ii
TABLE OF AUTHORITIES ......................................................................................... iii
INTRODUCTION AND STATEMENT OF THE ........................................................ 1
NATURE AND STAGE OF THE PROCEEDING ..................................................... 1
STATEMENT OF FACTS .............................................................................................. 2
STATEMENT OF THE ISSUES REQUIRING RESOLUTION ................................ 3
STANDARD OF REVIEW ............................................................................................. 3
SUMMARY OF THE ARGUMENT ............................................................................. 4
ARGUMENT .................................................................................................................... 5
    I.    The Court Lacks Jurisdiction ................................................................................ 5
        A.   Doe Lacks Standing ....................................................................................... 5
            1.     Injury-in-Fact ....................................................................................... 5
            2.     Traceability .......................................................................................... 6
            3.     Redressability ...................................................................................... 6
        B.   TST Lacks Standing ..................................................................................... 7
        C.   Defendants Are Immune .............................................................................. 8
    II.   Plaintiffs Have Failed to State a Claim .......................................................... 10
        A.   Count 1: Hybrid Free Speech/Free Exercise Claim ..................................... 10
        B.   Count 2: Establishment Clause ................................................................... 12
CONCLUSION .............................................................................................................. 14
CERTIFICATE OF CONFERENCE .......................................................................... 15
CERTIFICATE OF COMPLIANCE .......................................................................... 15
CERTIFICATE OF SERVICE ..................................................................................... 16

# **TABLE OF AUTHORITIES**

**Cases**

*Air Evac EMS, Inc. v. Tex. Dep't of Ins.*, 851 F.3d 507 (5th Cir. 2017) ........................ 9

*Alabama & Coushatta Tribes v. Big Sandy Sch. Dist.*, 817 F.Supp. at 1332 (E.D. Tex. 1993) .................................................................................................................. 11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................. 3, 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................................... 4

*Braunfeld v. Brown*, 366 U.S. 599 (1961) .............................................................. 12

*Castro v. United States*, No. 4:20-cv-03128, 2021 WL 1393857 (S.D. Tex. Apr. 13, 2021) ............................................................................................................. 3, 4, 5

*Chalifoux v. New Caney Indep. Sch. Dist.*, 976 F. Supp. 659 (S.D. Tex. 1997) ......... 10

*City of Austin v. Paxton*, 943 F.3d 993, (5th Cir. 2019) ......................................... 8, 9

*Coury v. Prot*, 85 F.3d 244 (5th Cir. 1996) ............................................................... 3

*Ctr. for Inquiry, Inc. v. Warren*, 845 F. App'x 325 (5th Cir. 2021) ............................. 7

*Dobbs v. Jackson Women's Health Org.*, 213 L. Ed. 2d 545, 142 S. Ct. 2228 (2022) . 1, 10, 12, 13

*Employment Division v. Smith*, 494 U.S. 872 (1990) ............................................. 10

*Envt. Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 968 F.3d 357 (5th Cir. 2020) ..... 6

*Ex parte Young*, 209 U.S. 123 (1908) ........................................................... 4, 5, 8, 9

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167 (2000) 5

*Gentilello v. Rege*, 627 F.3d 540 (5th Cir. 2010) ...................................................... 4

*Harris v. McRae*, 448 U.S. 297 (1980) ............................................................. 12, 13

*Heller v. Doe*, 509 U. S. 312 (1993) ....................................................................... 13

*Kennedy v. Bremerton Sch. Dist.*, 142 S. Ct. 2407 (2022) ....................................... 12

*Lee v. Weisman*, 505 U. S. 577 (1992) ................................................................... 12

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ............................................ 6, 8

*Lundeen v. Mineta*, 291 F.3d 300 (5th Cir. 2002) ..................................................... 5

*McGowan v. Maryland*, 366 U.S. 420 (1961) ......................................................... 13

*Miss. State Democratic Party v. Barbour*, 529 F.3d 538 (5th Cir. 2008) ................... 5

*Mitchell v. Bailey*, 982 F.3d 937 (5th Cir. 2020) ...................................................... 3

*Morris v. Livingston*, 739 F.3d 740 (5th Cir. 2014) .................................................. 9

*Okpalobi v. Foster*, 244 F.3d 405 (5th Cir. 2001) ..................................................... 9

*Raj v. La. State Univ.*, 714 F.3d 322 (5th Cir. 2013) ...................................................... 8

*Simmons v. Smith*, 774 F. App'x 228 (5th Cir. 2019) ..................................................... 8

*Society of Separationists, Inc. v. Herman*, 939 F.2d 1207 (5th Cir.1991) ................... 11

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) ............................................................. 6

*Tex. Democratic Party v. Benkiser*, 459 F.3d 582 (5th Cir. 2006) ................................ 5

*United Food & Commercial Workers Union Local 751 v. Brown Grp., Inc.*, 517 U.S. 544, (1996) ................................................................................................................... 7

*United States v. Lee*, 455 U.S. 252 (1982) ................................................................... 11

*United States v. O'Brien,* 391 U. S. 367 (1968) ........................................................... 13

*Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724 (5th Cir. 2019) ........................... 3

*Wisconsin v. Yoder*, 406 U.S. 205 (1972) .............................................................. 11, 12

*Zorach* v. *Clauson*, 343 U. S. 306 (1952) .................................................................... 12

**Statutes**

42 U.S.C. § 1983 ............................................................................................................. 2

Health & Safety Code § 170A.001, *et seq* .................................................................. 13

Tex. Gov't Code § 531.021(a) ........................................................................................ 8

## INTRODUCTION AND STATEMENT OF THE
## NATURE AND STAGE OF THE PROCEEDING

Plaintiffs claim an unqualified right to exempt themselves from constitutional abortion regulations so they can take part in a Satanic Abortion Ritual unburdened by important State interests they deem "tyrannical." Plaintiffs The Satanic Temple, Inc. ("TST") and Ann Doe ("Doe") initially filed suit objecting to certain informed consent statutes because they disagreed with them as a matter of policy and science. ECF No. 1. Plaintiffs then filed a Second Amended Complaint, substituting previous Defendants for the Texas Health and Human Services Commission ("HHSC") and Executive Commissioner of HHSC Cecile Young ("Young"). ECF No. 26. This case was then stayed pending a ruling by the United States Supreme Court in *Dobbs v. Jackson Women's Health Organization*. ECF No. 34. Following the ruling in *Dobbs*, Plaintiffs were ordered to amend their complaint again. ECF No. 38. On August 22, 2022 Plaintiffs filed their [Third] Amended Complaint. ECF No. 39. They additionally filed a motion for a temporary restraining order and a preliminary injunction, which was subsequently denied. ECF Nos. 40, 42. Since the denial, Plaintiffs have appealed the order to the Fifth Circuit Court of Appeals. ECF No. 43.

1

## **STATEMENT OF FACTS**

Plaintiffs The Satanic Temple, Inc. ("TST") and Ann Doe ("Doe") (collectively, "Plaintiffs") bring this amended complaint pursuant to 42 U.S.C. § 1983. ECF No. 39 at 2. Their claims are separated into two counts. *Id.* at 5. One based on alleged violations of the Free Speech and Free Exercise Clauses while the other is based on alleged violations of the Establishment Clause. *Id.* at 5-6. Specifically, Plaintiffs state having an abortion is one of their rituals and one of the seven tenets of their religion. *Id.* at 2. They further claim, without any elaboration, that Young and the "religious statutes" prohibit and/or interfere with their abortion ritual. *Id.* at 2-3. They have neither explained which statutes allegedly prohibit their ritual, nor have they detailed how Young allegedly stopped it. *See generally* ECF No. 39. Plaintiffs' only requested relief is to order Young to recognize a religious exemption for abortion. *Id.* at 6.

## STATEMENT OF THE ISSUES REQUIRING RESOLUTION

Defendants move to dismiss Plaintiffs' claims pursuant to Rules 12(b)(1) and 12(b)(6). The Court must resolve whether (1) Plaintiffs have sufficiently demonstrated that they have standing, (2) Plaintiffs have alleged facts to overcome Defendants' sovereign immunity, and (3) any of the counts in the Complaint state a claim upon which relief can be granted.

## STANDARD OF REVIEW

Rule 12(b)(1) governs motions to dismiss for a lack of subject-matter jurisdiction. "The party asserting jurisdiction bears the burden of proof and must establish, by a preponderance of the evidence, that the court has jurisdiction ….." *Mitchell v. Bailey*, 982 F.3d 937, 940 (5th Cir. 2020). Indeed, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996); *see also Castro v. United States*, No. 4:20-cv-03128, 2021 WL 1393857, at *1 (S.D. Tex. Apr. 13, 2021).

Rule 12(b)(6) permits dismissal where a party fails to state a claim upon which relief could be granted. Dismissal is appropriate if a pleading fails to meet the requirements of Rule 8, which "'does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (internal quotation marks omitted). Likewise, "[courts] do not accept as true conclusory allegations,

unwarranted factual inferences, or legal conclusions." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (internal quotation marks omitted); *see also Castro*, 2021 WL 1393857, at *1.

## SUMMARY OF THE ARGUMENT

The Court lacks jurisdiction over Plaintiffs' claims because they have not established that they satisfy any of the elements of standing. Plaintiffs have not suffered any legally cognizable injury, the purported injuries were not fairly traceable to any conduct by Defendants, and Plaintiffs cannot redress their injuries in this litigation. Additionally, Plaintiffs cannot overcome Defendants' sovereign immunity or establish the applicability of the *Ex parte Young* exception.

Even if the Court had jurisdiction over Plaintiffs' claims, they are meritless. Plaintiffs have not and cannot state a viable claim under a First Amendment hybrid rights theory. Plaintiffs' Establishment Clause claim is meritless because the state has a secular interest in regulating abortion. Accordingly, Plaintiffs' claims should be dismissed.

Further, Plaintiffs' pleadings are so bare they cannot plausibly state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a pleading need not contain detailed factual allegations, it must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Plaintiffs rely entirely on conclusory statements such as, "Young broke the law. U.S. Const. I.", "Young lost her official immunities. *Ex parte Young*, 209 U.S.

4

123 (1908)", and "The legislators passed the religious statutes." ECF No. 39 at 5-6. Plaintiffs' conclusory pleading, devoid of any factual allegations, neither meet Plaintiffs' burden to establish this Court's jurisdiction, nor state a plausible claim for relief as required by the Federal Rules of Civil Procedure. *See generally* ECF No. 39; *Twombly,* 550 U.S. at 554-555; *Lundeen v. Mineta*, 291 F.3d 300, 304 (5th Cir. 2002).

## ARGUMENT

### I. The Court Lacks Jurisdiction.

#### A. Doe Lacks Standing.

Doe has not established that she has standing to bring any of her claims. To satisfy Article III standing, a plaintiff must show: (1) an injury-in-fact; (2) that is fairly traceable to the defendant's challenged conduct (causation); and (3) that is likely to be redressed by a favorable decision in the district court (redressability). *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000); *see also Tex. Democratic Party v. Benkiser*, 459 F.3d 582, 585-86 (5th Cir. 2006). "[S]tanding is not created by a declaration in court pleadings." *Miss. State Democratic Party v. Barbour*, 529 F.3d 538, 545 (5th Cir. 2008). "This means that the plaintiff must clearly allege *facts* at the pleading stage that demonstrate each criterion." *Castro*, 2021 WL 1393857, at *1 (emphasis added). Doe fails to establish each of these elements.

##### 1. Injury-in-Fact

Doe has not suffered a legally cognizable injury. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest'

5

that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Despite being listed as a Plaintiff in the caption, there are no facts alleged associated with Doe. As Doe has entirely failed to even allege an injury, much less an injury related to a legally protected interest, she does not have standing to sue either HHSC or Young.

### 2. Traceability

Even if Doe had suffered an injury, she has not alleged how it is traceable to Defendants. Traceability requires "something more than conjecture." *Envt. Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 968 F.3d 357, 368 (5th Cir. 2020). Plaintiffs allude vaguely that Young "prohibits abortion" and that she "stopped the ritual," but Plaintiffs do not describe a single "enforcement" action that either Defendant has ever taken. ECF No. 39 at 3-4. Doe has not alleged any particularized actions by either of these Defendants that caused her purported injuries, so she fails the traceability requirement.

### 3. Redressability

While the Court need not reach this level of the analysis, given that Doe has no traceable injury, ultimately the Court could not redress Doe's alleged injuries with an injunction against these Defendants. Assuming *arguendo*, should Doe prevail in this litigation and obtain an injunction that requires Young to "recognize a religious exemption for abortion," the physicians who perform abortions in Texas will still be subject to criminal prosecution. *See* Tex. Health & Safety Code § 170A.001, *et seq.*

Defendants have no connection to or control over any of the district attorneys or other prosecutors throughout Texas. Accordingly, "[a] favorable decision would not fully redress [Plaintiffs'] purported injury and eradicate the barrier to [performing the Satanic Abortion Ritual]." *Ctr. for Inquiry, Inc. v. Warren*, 845 F. App'x 325, 329 (5th Cir. 2021). Plaintiffs therefore "ask for relief that does not remedy the claimed injury in full" and "lack standing to maintain this suit." *Id.*

### B. TST Lacks Standing.

While TST fails to address how they have standing in their amended complaint, should they claim to have standing either individually and/or on behalf of its membership, both arguments fail. *See generally* ECF No. 39.

TST cannot assert standing on behalf of its membership. "[A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *United Food & Commercial Workers Union Local 751 v. Brown Grp., Inc.*, 517 U.S. 544, 553 (1996). Other than describing TST's member's beliefs, virtually the only allegations regarding TST's membership are that it has members who "tried to engage in the ritual despite the religious statutes" and that they were "unsuccessful in having their ritual." ECF No. 39 at 4. TST has not alleged sufficient facts about its membership to materially distinguish any of them from Doe for the purpose of the

7

Court's standing inquiry. Accordingly, for the same reasons that Doe lacks standing, TST's members also lack standing.

Likewise, TST has entirely failed to allege any facts to illustrate the participation of individual members would be unnecessary. *See generally* ECF No. 39. Without additional factual allegations to substantiate these elements—and particularly without a more developed assurance that member testimony is not necessary to the litigation TST's assertion of associational standing fails.

Additionally, Plaintiffs made no attempt to allege or demonstrate that TST itself has standing. *Id.* TST asserts that it "is a religion" which permits abortions, and that its congregants engage in abortions. *Id.* at 2. But TST does not put forth any articulable theory of injury to a constitutional right other than a "generalized grievance" that is not actionable in federal court—TST's purported injury is no different than any other citizen who disagrees with the policies reflected in the challenged statutes. *Cf. Lujan*, 504 U.S. at 573; *Valley Forge*, 454 U.S. at 485-86. Accordingly, TST lacks standing, and its claims must be dismissed.

### C. Defendants Are Immune.

HHSC is immune because "[s]tate agencies are entitled to Eleventh amendment sovereign immunity." *City of Austin v. Paxton*, 943 F.3d 993, 1003 (5th Cir. 2019). HHSC is a state agency. *See, e.g.*, Tex. Gov't Code § 531.021(a); *Simmons v. Smith*, 774 F. App'x 228, 229 (5th Cir. 2019) (mem.). The exception to immunity provided by *Ex parte Young* extends only to claims against "individual state officials in their official capacities." *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013).

Accordingly, HHSC must be dismissed as a defendant.

Young is also immune. While Plaintiffs claim Young lost her official immunities based on *Ex parte Young*, their assertions are misplaced. ECF No. 39 at 5-6. For essentially the same reasons that Plaintiffs lack standing, Young does not fall within the *Ex parte Young* exception. *See City of Austin*, 943 F.3d at 1002 ("Article III standing analysis and *Ex parte Young* analysis 'significantly overlap.'"). When challenging the constitutionality of a state statute, to fall within the *Ex parte Young* exception to Eleventh Amendment immunity, the defendant must have "the particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty." *Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014) (quoting *Okpalobi v. Foster*, 244 F.3d 405, 416 (5th Cir. 2001)). This requirement "is designed to ensure defendant is not merely being sued 'as a representative of the state, and thereby attempting to make the state a party.'" *Air Evac EMS, Inc. v. Tex. Dep't of Ins.*, 851 F.3d 507, 517 (5th Cir. 2017) (quoting *Ex parte Young*, 209 U.S. 123, 157 (1908)).

Plaintiffs fail to even explain which statutes they are challenging, much less do they illustrate how Young or HHSC have a duty to enforce said statutes. Assuming the "religious statutes" Plaintiffs refer to are Texas Health & Safety Code provisions related to abortion, neither Young nor HHSC have any connection to or control over prosecutors throughout Texas tasked with enforcing the State's criminal provisions. Plaintiffs make no attempt to demonstrate enforcement authority, or threatened enforcement, by Defendants of the unidentified statutes they challenge. Accordingly,

Defendants retain immunity from Plaintiffs' claims regardless of the outcome of the Court's *Ex parte Young* analysis.

## II.   Plaintiffs Have Failed to State a Claim.

### A. Count 1: Hybrid Free Speech/Free Exercise Claim

Plaintiffs entirely fail to illustrate how their speech is restricted or impinged by the unspecified "religious statutes." *See generally* ECF No. 39. Again, assuming the statues in question are those that fall under the Texas Health & Safety Code, neither Doe nor any TST member is required to speak or restrained from speaking by the challenged statutes.

Absent any concerns related to the free-speech right, Plaintiffs' claim amounts to nothing more than a free-exercise challenge, and there is no basis for imposing a heightened level of scrutiny on a "hybrid rights" theory because "[t]he present case does not present such a hybrid situation, but a free exercise claim unconnected with any communicative activity." *Employment Division v. Smith*, 494 U.S. 872, 882 (1990); *see also, e.g.*, *Chalifoux v. New Caney Indep. Sch. Dist.*, 976 F. Supp. 659, 671 (S.D. Tex. 1997) (applying a heightened level of scrutiny in a hybrid case). Moreover, the Supreme Court held in *Dobbs*, a law regulating abortion must be sustained if there is a rational basis on which the legislature could have thought it would serve legitimate state interests. *Dobbs v. Jackson Women's Health Org.*, 213 L. Ed. 2d 545, 142 S. Ct. 2228, 2284 (2022).

The constitutional standard for evaluating a Free Exercise claim is presently set forth by *Employment Division v. Smith*, which holds that "the right of free exercise

does not relieve an individual of the obligation to comply with a 'valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes).'" 494 U.S. at 879 (quoting *United States v. Lee*, 455 U.S. 252, 263 n.3 (1982) (Stevens, J., concurring)). In other words, under *Smith*, "to say that a nondiscriminatory religious-practice exemption is permitted, or even that it is desirable, is not to say that it is constitutionally required[.]" *Id.* at 890. Because the challenged "religious statutes" apply generally and neutrally to all abortion-seekers (Plaintiffs do not allege otherwise), Plaintiffs are not entitled to a religious exemption that is tailored to their particular system of beliefs, even if such beliefs are entitled to First Amendment protection[1]. Accordingly, the Court should dismiss Count 1.

Even if Plaintiffs plausibly articulated a "hybrid rights" theory, or if a heightened level of scrutiny applied to abortion regulations, their claims still fail. In such "hybrid" religion-plus-speech cases, the government must demonstrate more than merely a reasonable relation to a substantial state interest to sustain the infringement on First Amendment expression. *See Wisconsin v. Yoder*, 406 U.S. 205, 233 (1972); *Society of Separationists, Inc. v. Herman*, 939 F.2d 1207, 1216 (5th Cir.1991); *Alabama & Coushatta Tribes v. Big Sandy Sch. Dist.*, 817 F.Supp. at 1332 (E.D. Tex. 1993). However, courts have consistently rejected such "hybrid" claims when the state's interest, through inference or demonstration, regulates conduct or

---

[1] Defendants do not concede the applicability of Free Exercise protections to Plaintiffs' "nontheistic" system of beliefs, and expressly reserve the right to make such argument at any time.

11

actions that pose a threat to public safety, order, peace, and the physical or mental health of a child. *Wisconsin v. Yoder*, 406 U.S. 205, 230 (1972); *Braunfeld v. Brown*, 366 U.S. 599, 604 (1961) ("even when the action is in accord with one's religious convictions, [it] is not totally free from legislative restrictions."). The State's interest in regulating abortion is clearly related as it ensures "respect for and preservation of prenatal life at all stages of develop." *Dobbs*, 213 L. Ed. 2d at 545 (2022). Accordingly, the state's interests meet both the rational basis and the heightened standard applied to "hybrid rights" cases. Thus, their claim fails again, and the Court should dismiss Count 1.

### B. Count 2: Establishment Clause

The Supreme Court has long held that government may not, consistent with a historically sensitive understanding of the Establishment Clause, "make a religious observance compulsory." *Zorach* v. *Clauson*, 343 U. S. 306, 314 (1952). Government "may not coerce anyone to attend church," *ibid.*, nor may it force citizens to engage in "a formal religious exercise," *Kennedy v. Bremerton Sch. Dist.*, 142 S. Ct. 2407, 2429 (2022) (citing *Lee* v. *Weisman*, 505 U. S. 577, 589 (1992)).

However, a legislative enactment does not contravene the Establishment Clause if it has a secular legislative purpose, if its principal or primary effect neither advances nor inhibits religion, and if it does not foster an excessive governmental entanglement with religion. *Harris v. McRae*, 448 U.S. 297, 319 (1980). Further, a statute does not violate the Establishment Clause because it "happens to coincide or harmonize with the tenets of some or all religions." *McGowan* v. *Maryland*, 366 U.S.

12

420, 442 (1961). In *Harris v. McRae,* the Supreme Court upheld the Hyde Amendment's ban on publicly funded abortions because it considered abortions to be as much of a reflection of "traditionalist" values towards abortion, as it is an embodiment of the view of any particular religion. *Harris v. McRae*, 448 U.S. 297, 320 (1980). In fact, the Supreme Court found an "unbroken tradition of prohibiting abortion on pain of criminal punishment" persistent throughout American history. *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228, 2254 (2022). "Law[s] regulating abortion, like other health and welfare laws, [are] entitled to a strong presumption of validity." *Id.* at 2284 (citing *Heller v. Doe*, 509 U. S. 312, 319 (1993)).

Here, the "religious statutes" in question, again assuming Plaintiffs are referencing the Texas Health & Safety Code, do not even mention religion. *See* Tex. Health & Safety Code § 170A.001, *et seq.* Plaintiffs claim "other religion holds sway over legislators" as justification for the Establishment Clause claim. ECF No. 39 at 3. However, the Supreme Court has cautioned against inquiries into legislative motives stating they "are a hazardous matter." *Dobbs,* 142 S. Ct. at 2256 (2022) (citing *United States v. O'Brien,* 391 U. S. 367, 383 (1968).

Ultimately, Plaintiffs' contention that these are "religious statutes" only enacted to "force pregnancy on the congregants" completely ignores the States legitimate secular interests in protecting maternal health and safety, elimination of particularly gruesome medical procedures, the preservation of the integrity of the medical profession, mitigation of fetal pain, and protection of fetal life. *Id.* at 2284; ECF No. 39 at 3.

Because the challenged statutes have a secular legislative purpose, they cannot be found to be in violation of the Establishment Clause. Accordingly Count 2 should be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to dismiss.

    Respectfully submitted.

    KEN PAXTON
    Attorney General of Texas

    BRENT WEBSTER
    First Assistant Attorney General

    GRANT DORFMAN
    Deputy First Assistant Attorney General

    SHAWN COWLES
    Deputy Attorney General for Civil Litigation

    CHRISTOPHER D. HILTON
    Chief, General Litigation Division

    */s/ Ryan G. Kercher*
    **RYAN G. KERCHER**
    Lead Counsel
    Deputy Chief, General Litigation Division
    Texas Bar No. 24060998
    Southern Bar No. 882329

    */s/ Heather L. Dyer*
    **HEATHER L. DYER**
    Assistant Attorney General
    General Litigation Division
    Texas State Bar No. 24123044
    Southern Dist. No. 3678443

Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
Tel: (512) 463-2120
Fax: (512) 320-0667
Ryan.kercher@oag.texas.gov
Heather.dyer@oag.texas.gov

*Counsel for Defendants*

## CERTIFICATE OF CONFERENCE

I hereby certify, in accordance with Court Procedure 17(a) and 17(b), that on April 30, 2021, I conferred with counsel for Plaintiffs about the relief Defendants seek in this motion to dismiss. The parties conferred again in July, following this Court's Order (ECF No. 38) regarding a briefing schedule. The parties again conferred on September 14, 2022 to discuss deadlines. Plaintiffs remain opposed to the remaining relief that Defendants seek in this motion to dismiss.

*/s/ Ryan G. Kercher*
**RYAN G. KERCHER**
Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

I hereby certify, in accordance with Court Procedure 18(c), that the foregoing brief complies with the Court's word limit of 5,000. According to the word count function within Microsoft Word, this motion contains 3260 words, exclusive of the case caption, table of contents, table of authorities, signature block, and certificates.

*/s/ Ryan G. Kercher*
**RYAN G. KERCHER**
Assistant Attorney General


## **CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2022, the foregoing document was served via the Court's CM/ECF system to all counsel of record.

>  */s/ Ryan G. Kercher*
>  **RYAN G. KERCHER**
>  Assistant Attorney General