# 4:21-cv-387

---

In the United States District Court,
For the Southern District of Texas,
Houston Division

---

**The Satanic Temple**, Inc. and Ann Doe,
*Plaintiffs*

*v.*

Cecile **Young**, health commissioner,
*Defendant*.

---

# Motion To Strike
# Defendant's Motion to Dismiss

---



**Matt Kezhaya**                    **matt@crown.law**
Ark. # 2014161              direct: (479) 431-6112
Minn. # 0403196           general: (612) 349-2216

333 N. Washington Ave # 300, Minneapolis, MN 55415

**Exhibit 3**

COMES NOW The Satanic Temple, by and through counsel of record, on its motion to strike Young's Motion to Dismiss.

## PROCEDURAL HISTORY

Two years ago, this action started as a religious dispute over whether a governmental official had crossed a Constitutional boundary. Between then and now, the predicate for the ritual went from "fundamental right" to "punishable" for TST's congregants, and "criminal" for any provider wishing to assist TST's congregants practice their religious beliefs.  After the United States Supreme Court released its opinion on *Dodds*, this court issued an order for scheduling moving forward in keeping with *Dodds*.  (the "Order"). (ECF 38)

Following the Order, TST filed an amended complaint and a motion for both a temporary restraining order and a preliminary injunction. (ECF 40).  To date, Young has failed to Answer TST's amended complaint.  Instead, Young filed a motion to dismiss in defiance of the Order.  For the reasons discussed herein, the Court

**Exhibit 3**

should strike Young's motion to dismiss and enter an order for Default in favor of TST and against Young.

## Material Facts

On July 13, 2022, this court issued a modified scheduling order (the "Order") for re-initiation of proceedings following the Supreme Court's decision on *Dodds.* (ECF 38).  Pursuant to the Order, Plaintiffs The Satanic Temple, Inc. and Ann Doe ("TST") were to file an amended complaint and any motions for injunctive relief on or before August 22, 2022. *Id*.  Plaintiff complied with this order.  (See ECF 40).  Defendant Cecile Young ("Young") was ordered to file any dispositive motions on or before September 5, 2022.  (ECF 38).  The Order was silent as to Young's deadline to file an answer to TST's amended complaint. *Id*.  On September 13, 2022, TST sent a courtesy letter to counsel for Young.  (See Ex. 1, Plaintiff's letter to Hilton, 9/13/2022).  The purpose of the letter was to inform Young that her deadline to answer had lapsed.  The next day, Young, through counsel, sent an email stating that the missed deadlines

Exhibit 3

were due to a calendaring error.  (See Ex. 2, email from Kercher, 9/14/2022).  Young requested a "week's extension on our *responsive pleading* deadline" (emphasis added). *Id*.  On September 19, 2022, two full weeks after her deadline had expired, Young filed a motion to dismiss. (ECF 46).  Young has still not filed an answer to TST's amended complaint.  On September 26, 2022, TST informed Young by email that her motion was untimely and procedurally deficient. (See Ex. 3, email from Henry dated 9/26/2022 *et. seq)*.  TST demanded that Young withdraw her motion to dismiss, and stated that it would grant Young one week to file an answer before moving for default if Young agreed to withdraw her motion.  *Id*.  Ultimately, Young refused to withdraw her motion. *Id.* Following Young's refusal, TST brings this motion to strike Young's motion to dismiss.

**Exhibit 3**

ARGUMENT

## I.
## Motion to Strike Young's Motion to Dismiss

1: *Young's motion to dismiss is untimely.*

The Order issued by this court required TST to serve and file its amended complaint no later than August 22nd, 2022.  TST complied, serving and filing both its amended complaint and its motion for injunctive relief on August 22, 2022.  (See ECF 40).  The Order continued by ordering Defendant to respond to any motion for preliminary injunction *and assert any dispositive motions*. (ECF 38 at 1) emphasis added.  Between August 23rd and September 18, 2022, Young filed nothing.

The Order gave no deadline for Defendant to Answer TST's amended complaint.  Absent direction from the Court, TST determined that Young's deadline to Answer must necessarily be dictated by the Federal Rules of Civil Procedure. Specifically, TST determined that F.R.C.P. § 12(a)(1)(A)(i) must control the Young's deadline to answer. Pursuant to that rule, Young's Answer was due

**Exhibit 3**

by midnight of Monday September 12, 2022. When Young's dead-
line for her answer came and passed without any filing, TST sent a
courtesy letter to Young asking whether she intended to file an An-
swer. (See Ex. 1). Young, through counsel, emailed TST the follow-
ing day, requesting our leave for a week to Answer.  TST, through
counsel, agreed.  (See Ex. 2).

Young asked for a "week's extension" to file a responsive plead-
ing. (Ex. 2). Rather than file an answer to TST's amended com-
plaint, Young filed a motion to dismiss.  A plain reading of Fed. R.
Civ. P. 7(a) should tell any reasonable party that a motion to dismiss
is not a pleading, responsive or otherwise, under the Federal Rules.
It is possible that counsel for Young believes that these rules do not
apply to Attorneys General, but that belief is mistaken.  A plain
reading of both TST's letter and Young's responsive email shows
that it is chronologically impossible for the parties to have been dis-
cussing anything other than Young's answer. TST sent its letter the
day after Young's deadline to answer.  Young's deadline for a dis-
positive motion had passed one week earlier. It is not reasonable to

**Exhibit 3**

read TST's letter as also including a dispositive motion in its inquiry to Young. Moreover, it is impossible for TST to have agreed, on September 14, 2022, to a one-week extension for Young's September 5, 2022, deadline.  In fact, TST's letter gave Young notice that her deadline for a dispositive motion had passed, and TST was specifically looking for Young's Answer to TST's amended complaint. TST's agreement for a one-week extension was only for Young to serve and file an Answer.  Young never mentioned a motion to dismiss.  TST would have never agreed to extend Young's deadline on a motion to dismiss.  Nothing in TST's response to Young's counsel can be reasonably read as our agreement to extend her deadline to file a dispositive motion.

2: *Young's Motion to Dismiss is procedurally deficient.*

Young's motion to dismiss is procedurally deficient because it does not properly comply with Rule 7(P) of the local rules for the Southern District of Texas.  Rule 7(P) requires a party to include a certification that the movant "notified the opposing party of the issues asserted in the motion and the parties tried but could not agree

**Exhibit 3**

that the pleading deficiency could be cured . . ."

TST filed its amended complaint on August 22, 2022.  At no time between August 22, 2022, and September 19, 2022, did Young, through counsel or otherwise, reach out to TST or any of TST's counsel to discuss Young's intention to move for dismissal or otherwise discuss any "deficiency" in TST's pleading, or how such "deficiency" could be "cured."   A plain reading of the certification Young did include in her motion to dismiss shows clearly that Young referenced no communication with TST after April 30, 2021. (See ECF 46 at 15).

As the exhibits TST has provided here show, the September 14, 2022 communications where the parties supposedly "conferred . . . to discuss deadlines" was the letter TST sent and Young's email requesting more time to Answer.  No other communications between the parties occurred.  As the letter and email show, dispositive motions were never discussed, much less any attempt by Young to address any deficiencies it believed TST's amended complaint contained, or any attempt to discuss how those deficiencies could be

**Exhibit 3**

cured as required by S.D. Tex. R. § 7(P).  Young's certification itself shows that Young only certified as to discussing "deadlines" with TST on September 14, 2022.  Yet the email sent by Young, through counsel, specifically states that Young asked for "the courtesy of a week's extension on our responsive pleading deadline."  (See email from Kercher dated September 14, 2022.)  The email makes no mention of deficiencies in the pleading.  Nor does the email include any discussion of how those deficiencies may be cured.  Nor does the email include any language inviting TST to discuss the pleading at all.  Young's certification of compliance with Rule 7(P) is a deceptive attempt by Young to feign compliance with the rule without making any actual attempt to comply.

For the reasons discussed herein, Young's Motion for Dismissal is both untimely and procedurally deficient, and should be stricken.

**Exhibit 3**

## Prayer for relief

**Wherefore** TST respectfully requests that the Court enter an order striking Young's Motion to Dismiss for being untimely and for failure to comply with S.D. Tex. R. 7(P).

Respectfully submitted,



| | |
|---|---|
| **Matt Kezhaya** | **matt@crown.law** |
| Ark. # 2014161 | direct: (479) 431-6112 |
| Minn. # 0403196 | general: (612) 349-2216 |
| | |
| Nicholas Henry | nick@crown.law |
| Minn. # 0395850 | direct: (612) 895-3186 |
| (pro hac vice pending) | general: 612-349-2216 |

333 N. Washington Ave # 300, Minneapolis, MN 55415

## Word count certificate

The forgoing consists of **1,617** words.

**Exhibit 3**

### CERTIFICATE OF CONFERENCE

On September 26, I sent an email to Ryan Kercher to discuss his client's motion to dismiss.  See Ex. 3.  In that email I informed him of our intention to file this motion to strike if we could not come to an agreement.  Mr. Kercher maintained that despite his deadline having long since lapsed, and despite the plain language of the communications between the parties, and despite the rules of civil procedure, he was entitled to file a motion to dismiss in lieu of an answer.  Between September 26 and September 28, 2022, both Mr. Kezhaya and I tried to explain to Mr. Kercher why his motion was untimely and should be withdrawn. Despite our best efforts of cooperation while still conforming to the rules of procedure, the parties could not come to an agreement. This motion follows.

*–Nicholas Henry (pro hac vice pending)*

**Exhibit 3**

## CERTIFICATE OF SERVICE

**NOTICE IS GIVEN** that I, Nicholas Henry, efiled the foregoing document by uploading it to the Court's CM/ECF system on September 29, 2022, which sends service to registered users, including all other counsel of record in this cause. *Nicholas Henry*

**Exhibit 3**



**VIA EMAIL ONLY**

Christopher D. Hilton
Deputy Chief, General Litigation Division
Office of the Attorney General
P.O. Box 12548
Austin Texas 78711-2548
christopher.hilton@oag.texas.gov

   re: *The Satanic Temple, Inc. and Ann Doe v. Texas Health and*
     *Human Services Commission and Cecile Young*
     *Civil Action No. 4:21-cv-00387*

Dear Mr. Hilton:

I represent the Plaintiffs in the above captioned matter. As you are aware, the Court issued an Order on July 13, 2022 that outlined certain deadlines following the Supreme Court's issuance of the *Dobbs* decision. See Attachment 1, Order dated July 13, 2022.

The Court ordered that Plaintiffs were to file their amended complaint and any motion for preliminary injunction by August 22, 2022. We complied with this order and filed and served via Pacer both an amended complaint and a motion for injunctive relief on that date. See attachment 2, Amended Complaint Filing Report. The order also stated that your deadline to respond to any motion for injunctive relief was September 5, 2022. That deadline came and went without any filing on behalf of the Defendants.

The Order was silent on any deadline for the Defendants to file an answer to Plaintiff's amended complaint. Absent any deadline provided for by the Order, Federal Rule of Civil Procedure 12(a)(1)(A)(i) controls as to the Defendants'

**Exhibit 3**

deadline to answer. Pursuant to the Rule, Defendants' Answer was due by midnight of Monday September 12 2022. We are unaware of any request by Defendants for a waiver pursuant to F.R.C.P. 12(a)(1)(A)(ii). We have confirmed through Pacer that that deadline passed with no response from the Defendants. In light of Defendants failure to answer Plaintiff's amended complaint on or before the September 12 deadline, Defendants are now in default.

This letter is being sent as a courtesy to you. Please let Plaintiff know whether your failure to answer was intentional or inadvertent. Also let Plaintiff know whether you intend to answer Plaintiff's amended complaint dated August 22, 2022. If we do not see that you have responded to this letter or filed an answer on or before the close of business of Thursday, September 15 we will have no choice but to move the court for a default judgment pursuant to Rule 55.

Sincerely,



**Matt Kezhaya**                                    **matt@crown.law**
Ark. # 2014161                              direct: (479) 431-6112
Minn. # 0403196                          general: (612) 349-2216

100 S. Fifth St., 19th Floor, Minneapolis, MN 55402

Cc:
Bradley David Ryynanen by email to brad@bdrlegal.com
Ryan Glen Kercher by email to ryan.kercher@oag.texas.gov

**Exhibit 3**

United States District Court
Southern District of Texas

**ENTERED**

July 13, 2022

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE SATANIC TEMPLE INC and ANN DOE, | § § | CIVIL ACTION NO 4:21-cv-00387 |
| Plaintiffs, | § | |
| | § | |
| | § | |
| vs | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| TEXAS HEALTH AND | § | |
| HUMAN SERVICES | § | |
| COMMISSION and | § | |
| CECILE YOUNG, | § | |
| Defendants. | § | |

## ORDER

This matter was stayed pending ruling by the United States Supreme Court in *Dobbs v Jackson Women's Health Organization*. The parties were also ordered to promptly confer in good faith and file a status report following that ruling. Dkt 32 at 2–3. The parties complied, and their joint status report has been reviewed. Dkt 37.

The request by Plaintiffs for leave to amend their complaint is GRANTED. It's understood that such amendment will withdraw certain claims from this action while adding others. Plaintiffs may, if desired, file a motion for preliminary injunction as noted, if such motion can be brought in conformance with Rule 11. Dkt 32 at 1–2. Defendants may then assert any intended motion to dismiss or other appropriate motion. Id at 2.

The following deadlines pertain:

o By August 22nd, Plaintiffs must file their amended complaint and any motion for preliminary injunction;

o By September 5th, Defendants must respond to

**Exhibit 3**

any motion for preliminary injunction and assert any dispositive motions;

o   By September 19th, Plaintiffs must respond to any dispositive motions and may reply in support of any motion for preliminary injunction; and

o   By September 26th, Defendant may reply in support of any dispositive motions.

A hearing on any motions will be set as necessary in the Court's discretion.

This action is otherwise STAYED until further order. Discovery will not proceed during pendency of the above motion practice absent further order.

SO ORDERED.

Signed on July 13, 2022, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

**Exhibit 3**

APPEAL,APPEAL_NAT,STAYED

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Houston)
## CIVIL DOCKET FOR CASE #: 4:21−cv−00387

The Satanic Temple, Inc. et al v. Hellerstedt et al
Assigned to: Judge Charles Eskridge
Cause: 42:1983 Civil Rights Act

Date Filed: 02/05/2021
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**The Satanic Temple, Inc.**                    represented by  **Matt Kezhaya**
                                                                Crown Law
                                                                333 N. Washington Ave.
                                                                Ste # 300
                                                                55401
                                                                Minneapolis, MN 72712
                                                                479−431−6112
                                                                Fax: 612−349−2760
                                                                Email: matt@crown.law
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Bradley David Ryynanen**
                                                                The Ryynanen Law Office, PLLC
                                                                515 Centre Street
                                                                #4471
                                                                Dallas, TX 75208
                                                                214−453−6500
                                                                Email: brad@bdrlegal.com
                                                                *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ann Doe**                                     represented by  **Matt Kezhaya**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Bradley David Ryynanen**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**John William Hellerstedt, MD**                represented by  **Christopher D. Hilton**
*in his official capacity as Executive                          Texas Office of the Attorney General
Commissioner of the Department of State                         PO Box 12548
Health Services*                                                Capitol Station
*TERMINATED: 07/13/2022*                                        Austin, TX 78711
                                                                512−463−2120
                                                                Email: christopher.hilton@oag.texas.gov
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Francesca Andrea Di Troia**
                                                                Savrick Schumann Johnson McGarr
                                                                4330 Gaines Ranch Loop
                                                                Suite 150
                                                                Austin, TX 78701
                                                                512−347−1604
                                                                Fax: 512−347−1676
                                                                Email: francesca@ssjmlaw.com

**Exhibit 3**

*TERMINATED: 03/17/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin Sheffield Walton**
Office of the Attorney General
300 W. 15th St.
Austin, TX 78701
512–463–0447
Fax: 512–320–0667
Email: benjamin.walton@oag.texas.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Texas Department of State Health Services**<br>*TERMINATED: 07/13/2022* | represented by | **Christopher D. Hilton**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Francesca Andrea Di Troia**<br>(See above for address)<br>*TERMINATED: 03/17/2021*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Benjamin Sheffield Walton**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**Planned Parenthood Center for Choice, Inc.**
*TERMINATED: 07/13/2022*

**Defendant**

| | | |
|---|---|---|
| **Texas Health and Human Service Commission** | represented by | **Christopher D. Hilton**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Ryan Glen Kercher**<br>Office of the Attorney General<br>PO Box 12548, Capital Station (MC 019)<br>Austin, TX 78711<br>512–936–0707<br>Email: ryan.kercher@oag.texas.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Cecile Young** | represented by | **Christopher D. Hilton**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Ryan Glen Kercher**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|

**Exhibit 3**

| 08/22/2022 | 39 | AMENDED COMPLAINT against All Plaintiffs filed by The Satanic Temple, Inc., Ann Doe.(Ryynanen, Bradley) (Entered: 08/22/2022) |

**Exhibit 3**

**Sonia Kezhaya**

| | |
|---|---|
| **From:** | Brad Ryynanen <brad@bdrlegal.com> |
| **Sent:** | Wednesday, September 14, 2022 1:34 PM |
| **To:** | Ryan Kercher; Bill Rohla; Christopher Hilton |
| **Cc:** | Matt Kezhaya; John Hayden; Sonia Kezhaya; Nick Henry |
| **Subject:** | RE: Courtesy letter |

Ryan,

We will grant you one week from the deadline if that will be sufficient.  Let us know if you need more time than that.

Thank you,
Brad



**Brad Ryynanen**
Attorney & Counselor, The Ryynanen Law Office, PLLC
214.972.8640| brad@bdrlegal.com
www.bdrlegal.com
Mailing Address: 515 Centre Street #4471, Dallas, TX 75208

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.

 Let's connect!      See my Tweets      Add me on Facebook

---

**From:** Ryan Kercher <Ryan.Kercher@oag.texas.gov>
**Sent:** Wednesday, September 14, 2022 12:41 PM
**To:** Bill Rohla <bill@crown.law>; Christopher Hilton <Christopher.Hilton@oag.texas.gov>; Brad Ryynanen <brad@bdrlegal.com>
**Cc:** Matt Kezhaya <matt@crown.law>; John Hayden <john@crown.law>; Sonia Kezhaya <sonia@crown.law>; Nick Henry <nick@crown.law>
**Subject:** RE: Courtesy letter

Gentlemen –

Thank you for your letter. The deadlines described therein were missed due to a calendaring error, which is my fault. I would appreciate the courtesy of a week's extension on our responsive pleading deadline, and am happy to discuss further, as necessary.

Regards,

RGK

---

**From:** Bill Rohla <bill@crown.law>
**Sent:** Tuesday, September 13, 2022 6:00 PM

**Exhibit 3**

**To:** Christopher Hilton <Christopher.Hilton@oag.texas.gov>; brad@bdrlegal.com; Ryan Kercher <Ryan.Kercher@oag.texas.gov>
**Cc:** Matt Kezhaya <matt@crown.law>; John Hayden <john@crown.law>; Sonia Kezhaya <sonia@crown.law>; Nick Henry <nick@crown.law>
**Subject:** Courtesy letter

Good evening,

Please see the attached letter hereto. Please acknowledge receipt. Thank you.

Regards,
Bill

Bill Rohla
Paralegal

Arkansas office:
Crown Law
1202 NE McClain Rd
Bentonville, AR 72712
p: (479) 431-6112
f:  (612) 349-2760
e:  bill@crown.law

Minnesota office:
Crown Lawn
100 S. Fifth Street
19th Floor
Minneapolis, MN 55402
p: (612) 474-2704
f:  (612) 605-6001
e:  bill@crown.law

Exhibit 3

| | |
|---|---|
| **From:** | Ryan Kercher <Ryan.Kercher@oag.texas.gov> |
| **Sent:** | Thursday, September 29, 2022 5:06 PM |
| **To:** | Matt Kezhaya; Nick Henry; Sonia Kezhaya; John Hayden; Brad Ryynanen; Bill Rohla; Christopher Hilton; Heather Dyer |
| **Cc:** | Laura Hendrix |
| **Subject:** | Re: Courtesy letter |

Matt -

Thanks for clarifying your position. I don't agree that Rule 12 motions are not responsive pleadings, and have never heard someone argue otherwise. Even if that argument prevails, our subject matter jurisdiction arguments are not waivable, and the Court can consider those under 12(c).

If we still disagree, you may mark me as opposed to your proposed motion to strike.

Also, please include Heather Dyer and Laura Hendrix on correspondence in this matter.

Regards,

RGK

Ryan G. Kercher
Deputy Chief
General Litigation Division
Office of the Attorney General
Direct: 512.788.3771

**From:** Matt Kezhaya <matt@crown.law>
**Sent:** Wednesday, September 28, 2022 6:07:13 PM
**To:** Ryan Kercher <Ryan.Kercher@oag.texas.gov>; Nick Henry <nick@crown.law>; Sonia Kezhaya <sonia@crown.law>; John Hayden <john@crown.law>; Brad Ryynanen <brad@bdrlegal.com>; Bill Rohla <bill@crown.law>; Christopher Hilton <Christopher.Hilton@oag.texas.gov>
**Subject:** RE: Courtesy letter

Hey Ryan,

I think we might be having a miscommunication. We authorized a late "responsive pleading," not a late "motion." A "motion" to dismiss is not a responsive "pleading," (see FRCP 7(a), (b)). A Rule 12 motion is typically due at the time of the responsive pleading but, due to your office's admitted tardiness, that deadline elapsed without a motion. If your intent was to request an extension of your deadline to file a Rule 12 motion, we did not hear that message and we would not have agreed to the request if we had understood the request for a late "pleading" to mean a late "motion." It seems to me that the parties don't have a meeting of the minds as to whether we stipulated to a late Rule 12 motion, which means we didn't have a valid stipulation in the first place. That means the motion is late, which puts us in Rule 6 (i.e., motion to extend) territory, which in turn requires "excusable neglect" to extend the deadline. I've briefed this before; calendaring errors are not "excusable neglect."

We intend to move to strike your late motion as untimely, because the elapsed deadline was not extended by agreement and because the elapsed deadline was not extended by court order. We had an agreed

**Exhibit 3**

deadline which was confirmed by the Court; Ms. Young is not entitled to special treatment under the law. Not the supreme law of the lands, at least.

Your office has an opportunity to publicly uphold the rule of law, or to publicly suggest that your office is immune to the pre-agreed and court-confirmed deadline. With all the "AG Paxton" headlines going on right now, I think your office would be better served avoiding yet another public controversy.

Please withdraw your motion and enter an answer. I'm simply dying to hear the State's proffered "compelling interest" and how that interest is "narrowly tailored" to the means selected.



**From:** Ryan Kercher <Ryan.Kercher@oag.texas.gov>
**Sent:** Wednesday, September 28, 2022 5:48 PM
**To:** Nick Henry <nick@crown.law>; Matt Kezhaya <matt@crown.law>; Sonia Kezhaya <sonia@crown.law>; John Hayden <john@crown.law>; Brad Ryynanen <brad@bdrlegal.com>; Bill Rohla <bill@crown.law>; Christopher Hilton <Christopher.Hilton@oag.texas.gov>
**Subject:** RE: Courtesy letter

Nick –

Thanks for your response. The Court's order stayed all deadlines pending resolution of motions to dismiss; the only responsive pleading I could file is the MTD. I'm happy to work with you to reschedule a response date, if that's helpful.

Regards,

RGK

**From:** Nick Henry <nick@crown.law>
**Sent:** Wednesday, September 28, 2022 12:02 AM
**To:** Ryan Kercher <Ryan.Kercher@oag.texas.gov>; Matt Kezhaya <matt@crown.law>; Sonia Kezhaya <sonia@crown.law>; John Hayden <john@crown.law>; Brad Ryynanen <brad@bdrlegal.com>; Bill Rohla <bill@crown.law>; Christopher Hilton <Christopher.Hilton@oag.texas.gov>
**Subject:** Re: Courtesy letter

Ryan:

In the interest of full compliance with our requirement to "meet and confer" I will hear out your explanation for how any of the wording in our email or letter conferred our blessing to extend your deadline for a motion to dismiss. I'm also interested in your argument from a purely chronological perspective.

**Exhibit 3**

Your deadline to file a motion to dismiss was September 5, 2022.  We sent our letter to you on September 13, 2022.  8 full days after your deadline to file a motion to dismiss passed.  Your email asked for a one-week extension on your deadline.  Even if we'd agreed to consent to your motion to dismiss, which we most decidedly did not, it would have been impossible for us to grant a one-week extension from the deadline, since our letter was sent the day after that one-week extension would have passed.  The only possible deadline which remained available to you for which it was possible for us to agree to extend was your deadline for an Answer under Rule 12.  Both your email and Brad's responsive email stated as much:

Subject: RE: courtesy letter

Gentlemen –

Thank you for your letter. The deadlines described therein were missed due to a calendaring error, which deadline, and am happy to discuss further, as necessary.

Regards,

RGK

Cc: Matt Kezhaya;  John Hayden;  Sonia Kezhaya;  Nick Henry

Ryan,

We will grant you one week from the deadline if that will be sufficient.  Let us know if you need

Thank you,
Brad

So please, by all means.  I'm very curious to hear your thoughts on how a one-week extension of a September 5 deadline corresponds to a filing date of September 19.

With the issue of the deadline addressed, I'm also curious to hear your thoughts on your violation of your duty of candor to the Court.  Rule 7(P) of the Southern District of Texas' Rules States:

**Exhibit 3**

P.     No motion to dismiss for failure to state a claim or ~
       P. 12(b)(6), or motion for judgment on the pleadi~
       under FED. R. CIV. P. 12(c), will be considered or ~
       includes a certification that, before filing the m~
       opposing party of the issues asserted in the motion~
       not agree that the pleading deficiency could be cu~
       amendment offered by the pleading party. The mo~
       through personal, telephonic, or written notice of t~
       motion to dismiss. A motion that does not contain t~
       stricken without further notice.

I see that your motion contains a certification by you that the parties "conferred" on September 14th to discuss deadlines. That is true. What was noticeably lacking from either your email to Brad or Brad's response to you were any discussion whatsoever of any "issues asserted in the motion" or any "pleading deficienc[ies]." For that matter, there was a distinct lack of any discussion of a "permissible amendment" we could offer to assuage your concerns. I would greatly like to hear your explanation on when exactly the Parties discussed any of the requirements of this Rule as it pertains to our Amended Complaint filed on August 22, 2022 before you filed your untimely Motion.

I look forward to your response. In the alternative, my offer for another week extension for you to withdraw your motion to dismiss and file and serve your client's answer to our amended counterclaim remains on the table until the Close of Business of Thursday September 29th.

Nick

---

**From:** Ryan Kercher <Ryan.Kercher@oag.texas.gov>
**Sent:** Tuesday, September 27, 2022 7:44 PM
**To:** Nick Henry <nick@crown.law>; Matt Kezhaya <matt@crown.law>; Sonia Kezhaya <sonia@crown.law>; John Hayden <john@crown.law>; Brad Ryynanen <brad@bdrlegal.com>; Bill Rohla <bill@crown.law>; Christopher Hilton <Christopher.Hilton@oag.texas.gov>
**Subject:** Re: Courtesy letter

Nick -

Thanks for your email. It sounds like we disagree about what was extended. I am happy to confer, but understand from your email that you see but one way forward absent a withdrawal of our motion.

**Exhibit 3**

We will not withdraw the motion, and you may mark us as opposed to the relief your note proposes. Happy to discuss alternatives.

Regards,

RGK

Ryan G. Kercher
Deputy Chief
General Litigation Division
Office of the Attorney General
Direct: 512.788.3771

---

**From:** Nick Henry <nick@crown.law>
**Sent:** Monday, September 26, 2022 4:29:01 PM
**To:** Ryan Kercher <Ryan.Kercher@oag.texas.gov>; Matt Kezhaya <matt@crown.law>; Sonia Kezhaya <sonia@crown.law>; John Hayden <john@crown.law>; Brad Ryynanen <brad@bdrlegal.com>; Bill Rohla <bill@crown.law>; Christopher Hilton <Christopher.Hilton@oag.texas.gov>
**Subject:** Re: Courtesy letter

Ryan:

On September 13, my office sent you a courtesy letter informing you that your deadline to answer TST's amended complaint had lapsed.  You responded the next day with an email asking for a one-week extension to file your responsive pleading.  Mr. Ryynanen granted you the one week you requested.  Instead of filing an Answer, as we agreed to allow you to do, you instead filed a motion to dismiss.  This motion was filed without any effort on your part to confer with us as you are required to do under the rules.  Further, this motion was filed 14 days after the deadline given by the court in its 7/13/22 Order.  No reasonable reading of either our courtesy letter or the follow up email communications can lead to one drawing the conclusion that we had any intention of allowing you to file a motion to dismiss.  And yet here we are.

To that end, consider this email my attempt to "meet and confer" with you before we respond by filing a motion to strike your Motion to Dismiss for untimeliness and for procedural deficiency.  I don't see any alternative to filing a motion short of your voluntarily withdrawing your motion.  If you do choose to withdraw your motion as untimely,  I will agree to an additional one-week extension for you to file a proper answer to our amended complaint.  If you choose to not answer, I will request that the clerk enter default judgment and then move the court to enter default.  I will not agree to an extension of any other Rule 12 defenses, because you voluntarily waived those by failing to timely respond by the September 5 deadline given by the court.

I look forward to your response.



**Exhibit 3**

**Nick Henry**

Crown Law

333 N. Washington Ave #300

Minneapolis, MN 55415

612-895-3186

---

**From:** Ryan Kercher <Ryan.Kercher@oag.texas.gov>
**Sent:** Wednesday, September 14, 2022 1:41 PM
**To:** Brad Ryynanen <brad@bdrlegal.com>; Bill Rohla <bill@crown.law>; Christopher Hilton <Christopher.Hilton@oag.texas.gov>
**Cc:** Matt Kezhaya <matt@crown.law>; John Hayden <john@crown.law>; Sonia Kezhaya <sonia@crown.law>; Nick Henry <nick@crown.law>
**Subject:** RE: Courtesy letter

Brad –

I very much appreciate your courtesy. A week will be sufficient.

Regards,

RGK

---

**From:** Brad Ryynanen <brad@bdrlegal.com>
**Sent:** Wednesday, September 14, 2022 1:34 PM
**To:** Ryan Kercher <Ryan.Kercher@oag.texas.gov>; Bill Rohla <bill@crown.law>; Christopher Hilton <Christopher.Hilton@oag.texas.gov>
**Cc:** Matt Kezhaya <matt@crown.law>; John Hayden <john@crown.law>; Sonia Kezhaya <sonia@crown.law>; Nick Henry <nick@crown.law>
**Subject:** RE: Courtesy letter

Ryan,

We will grant you one week from the deadline if that will be sufficient.  Let us know if you need more time than that.

Thank you,
Brad

**Brad Ryynanen**
Attorney & Counselor, The Ryynanen Law Office, PLLC
214.972.8640| brad@bdrlegal.com
www.bdrlegal.com
Mailing Address: 515 Centre Street #4471, Dallas, TX 75208

**Exhibit 3**

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.

▫

**From:** Ryan Kercher <Ryan.Kercher@oag.texas.gov>
**Sent:** Wednesday, September 14, 2022 12:41 PM
**To:** Bill Rohla <bill@crown.law>; Christopher Hilton <Christopher.Hilton@oag.texas.gov>; Brad Ryynanen <brad@bdrlegal.com>
**Cc:** Matt Kezhaya <matt@crown.law>; John Hayden <john@crown.law>; Sonia Kezhaya <sonia@crown.law>; Nick Henry <nick@crown.law>
**Subject:** RE: Courtesy letter

Gentlemen –

Thank you for your letter. The deadlines described therein were missed due to a calendaring error, which is my fault. I would appreciate the courtesy of a week's extension on our responsive pleading deadline, and am happy to discuss further, as necessary.

Regards,

RGK

**From:** Bill Rohla <bill@crown.law>
**Sent:** Tuesday, September 13, 2022 6:00 PM
**To:** Christopher Hilton <Christopher.Hilton@oag.texas.gov>; brad@bdrlegal.com; Ryan Kercher <Ryan.Kercher@oag.texas.gov>
**Cc:** Matt Kezhaya <matt@crown.law>; John Hayden <john@crown.law>; Sonia Kezhaya <sonia@crown.law>; Nick Henry <nick@crown.law>
**Subject:** Courtesy letter

Good evening,

Please see the attached letter hereto. Please acknowledge receipt. Thank you.

Regards,
Bill

Bill Rohla
Paralegal

Arkansas office:
Crown Law
1202 NE McClain Rd
Bentonville, AR 72712

Exhibit 3

p: (479) 431-6112
f:  (612) 349-2760
e: bill@crown.law

Minnesota office:
Crown Lawn
100 S. Fifth Street
19th Floor
Minneapolis, MN 55402
p: (612) 474-2704
f:  (612) 605-6001
e: bill@crown.law

**Exhibit 3**