# 4:21-CV-00387

---

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---

**The Satanic Temple**, Inc. ("**TST**"),
*Plaintiff*

v.

Cecile **Young**, health commissioner
*Defendant*.

---

## OPPOSITION TO DISMISSAL

---



| | |
|---|---|
| **Matt Kezhaya** | matt@crown.law |
| Ark. # 2014161 | direct: (479) 431-6112 |
| Minn. # 0403196 | general: (612) 349-2216 |

1202 NE McClain Rd. Bentonville, AR 72712

# Opposition

**COMES NOW** The Satanic Temple, by and through counsel of record, with a response in opposition to Young's tardy motion to dismiss [ECF 46]. Young's late motion offers no substantive discussion to support the notion that the complaint fails to state a claim, preferring instead to whine that the complaint did not fully brief the issues to be decided. The complaint says what it needs to, nothing more and nothing less. The Court should deny Young's motion.

# Summary

The Satanic Temple has standing to challenge the complained-of abortion restrictions. The abortion restrictions interfere with the Satanic Abortion Ritual, which gives us direct standing. Moreover, three members of The Satanic Temple have had their rituals

interfered with because of Young's ongoing abuse of her right to regulate medicine; that gives us associational standing, too.

Further, the complaint states a claim. The complained-of statutes interfere with a *bona fide* religious practice. That makes Young's law enforcement activity presumptively unconstitutional. The law is clear on this: Young needs to plead and prove that she–a State actor–has a compelling interest to tread upon Religion's territory. Then, she needs to show how the substantiating grounds for her conduct is the least restrictive means available to further that "compelling" interest.

For the better part of five decades, society got along just fine with safe abortions. We acknowledge that Attorney General Ken Paxton is excited to pursue a political agenda,[1] but a religious exemption to Texas's outright abortion ban simply will not cause the sky to fall.

---

[1] Even in the courts, provided it doesn't entail a cross examination.

# Argument

## 1: We have standing.

Young first contests whether we have standing. ECF 46, at 5-8. Standing may be direct or associational. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992). We have both.

### 1.1: We have direct standing.

We have direct standing. Direct standing exists where the party has: (1) an injury in fact which is concrete and actual, not hypothetical, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016).

#### 1.11: Criminalizing a religious practice is an "injury."

By operation of her public duties, Young is empowered to prohibit abortions. ECF 39, at 3 ¶ 9. All abortions. Id. Including the

ritual. Id. Moreover, she is directed to interfere with the Satanic Abortion Ritual by a series of religiously coercive statutes. ECF 39, at 3 ¶¶ 14-17. The purpose of these statutes is to "force pregnancy on the congregants." ECF 39, at 3 ¶ 13. The Texas legislature passed these statutes because they are responding to a majoritarian religious belief that abortion is *murder*. See ECF 39, at 3 ¶¶ 10-11.

The problem at bar lies in Young's apparent confusion as to the constitutionally acceptable *quantum* of governmental interference with the free exercise of religiously expressive activity. U.S. Const. Amend. I (the correct answer is "none"); *Kennedy v. Bremerton Sch. Dist.*, 142 S. Ct. 2407 (2022) (same).

That other religion can guilt trip its adherents into pregnancy all it likes. We've declared our independence from performance in accordance to the dictates of the Pope. And the Bible. By stopping abortions at the source, Young purports to override our free will. More particularly, by levying legal threats against the physicians directly.

People follow their conscience; violence does not persuade. ECF 40, at 3. Texas's abortion ban will only result in more of this:



Wikipedia.org, *Gerri Santoro* (available at https://en.wikipedia.org/wiki/Gerri_Santoro) (Last visited October 9, 2022). Gerri Santoro was supposed to be the last death suffered by a desperate woman who did not want to be pregnant, but who bore the misfortune of living under theocratic tyranny. See id.

Our membership includes women who do not want to be pregnant, and who declared their independence from theocratic tyranny. Every one of them now suffers the risk of dying naked, afraid, and desperate for help. This, despite our legal independence from the

majoritarian religious belief that abortion is *murder*. *W. Virginia State Bd. of Educ. v. Barnette*, 319 U.S. 624, 638 (1943). If abortion really *is* "murder," Young will presumably have no shortage of ethicists, biologists, and anthropologists to overcome the common law retort of "no, it really isn't." *Roe v. Wade*, 410 U.S. 113, 132 (1973). So far, all we've heard from is the Pope and the Bible. ECF 40-1, at 34-36.

We engage in ceremonious abortions as part of the expression of our adherence to the Seven Tenets to the exclusion of the Bible. ECF 39, at 2 ¶¶ 4-8; 3 ¶¶ 19-24. Young stopped our ritual activities. Id., ¶ 28. By placing the State in between us and our free exercise of our religious beliefs, Young incurred legal liability. *Ex parte Young*, 209 U.S. 123 (1908). Young owes liability to Ann Doe, who was denied a religious exemption to the waiting period and forced-listening of sonogram results, and who incurred monetary expense. ECF 2-1, at 4 ¶ 13. Young owes liability to Darcey Ruffalo, who was denied a religious exemption to the six-week abortion ban because the facility feared official repercussions more than they respected a patient's informed consent for what was very recently a

common medical procedure. ECF 40-1, at 5 ¶ 13. And Young owes liability to Mary Doe, who was force-fed religious literature (ECF 40-1, at 8 ¶ 9), and who was forced to act in contravention of her conscience (ECF 40-1, at 11).

There is also the "threatened criminal sanctions" issue. We are going to continue servicing our membership's religious desire to undertake the Satanic Abortion Ritual irrespective of what the Texas legislature thinks about the matter. ECF 40-1, at 49. Given that Attorney General Ken Paxton specifically announced that he will do "everything" in his power to interfere with our ritual (ECF 40-1, at 25), including executing on his public threats to prosecute "murder" charges, we have standing. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149 (2014); *see also Fund Texas Choice, et al., v. Ken Paxton, et al.*, No. 1:22-cv-859, ECF 83, at 11 (W.D.Tx. October 4, 2022) (ordering our opposing counsel to testify about his public "interviews threatening prosecutions" for alleged violations of Texas's abortion prohibition).

If Attorney General Ken Paxton threatened criminal sanctions for the dispensing of wine – both California and kosher alike – there would be no question that a Jewish congregation has cause to complain. *See Thomas v. Rev. Bd. of Indiana Emp. Sec. Div.*, 450 U.S. 707 (1981); *Susan B. Anthony List*, 573 U.S. at 162. It changes nothing that the religiously expressive conduct in question pertains to disposing of a cluster of cells as opposed to consuming specially fermented grape juice.

## 1.12: Young caused the injury.

To support her standing objection, Young continues to ignore that future enforcement activity is grounds for standing. *Susan B. Anthony List*, 573 U.S. at 162. We've already addressed this. ECF 30, at 9-10. We decline to repeat our analysis; except to note that Young's own attorneys told us that Young enforces the complained-of regulations. ECF 30, at 12.

## 1.13: Judicial relief will fix the problem.

The same judicial relief we have been seeking since February 5, 2021 will fix the problem. ECF 39, at 6-7; compare ECF 1, at 17-18. We have already detailed why it will fix the issue. ECF 30, at 10-11. We decline to repeat our analysis.

## 1.2: We have associational standing.

We further have associational standing. *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000).

We have three members who have been directly injured by the challenged statutes (**§ 1.11**). It is within our organizational purposes to defend our religious ceremony from interference from State actors. ECF 26 at ¶¶ 9, 39, 43. The individuals are not necessary parties to the litigation. ECF 30 at 11. We can sue on their behalf.

## 2: We stated our claims.

Young next contends we have not stated a claim, but offers no persuasive legal reasoning which addresses the claim we stated. For the reasons stated in § 1.11 and at ECF 30, at 12-17, we disagree. As for the Establishment Clause claim, the challenged statutes are all fundamentally rooted in Christian doctrine. ECF 41, at 3-5. The Rules only require a "short" and "plain" recitation of the facts giving rise to the suit. FRCP 7, 8. We have done so. ECF 40. We even provided proof to support the points. ECF 41-1.

As pleaded, the statutes are not "neutral" because they are designed to coerce people away from defying the tyrannical dictates of that other religion. ECF 39, at 3 ¶¶ 10-17; *Kennedy*, 142 S. Ct. at 2421–22. Nor are the statutes "generally applicable," given that they have exceptions for a medical emergency, but not a religious preference. Tex. Health & Safety Code Ann. § 171.0124 and Tex. Health & Safety Code Ann. § 171.205; *Fulton v. City of Philadelphia, Pennsylvania*, 141 S. Ct. 1868 (2021).

Defendant attacks the straightforward pleading of the amended complaint as if the amended complaint was presented in a vacuum, without information the court must consider when viewing the complaint in a light most favorable to Plaintiffs. A district court should consider other "sources" when deciding a Rule 12(b)(6) motion, such as "documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, *items appearing in the record of the case*, and exhibits attached to the complaint whose authenticity is unquestioned." *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (quoting *Meyers v. Textron*, Inc., 540 F. App'x 408, 409 (5th Cir. 2013) (emphasis added)*; see Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Here, given the nearly two years of litigation that preceded the amended complaint, the docket is replete with information that bolsters the amended complaint's factual underpinning.

It's time for Young to tell us what her "compelling" interest is and how the complained-of regulations are the "least restrictive means" to further it.

**WHEREFORE** the Court should deny Young's tardy motion.

Respectfully submitted on October 10, 2022 by:



| **Matt Kezhaya** | matt@crown.law |
|---|---|
| Ark. # 2014161 | direct: (479) 431-6112 |
| Minn. # 0403196 | general: (612) 349-2216 |

1202 NE McClain Rd., Bentonville, AR 72712

### CERTIFICATE OF SERVICE

**NOTICE IS GIVEN** that I, Matt Kezhaya, efiled the foregoing document by uploading it to the Court's eFlex system on October 10, 2022, which sends service to registered users, including all other counsel of record in this cause. *Matt Kezhaya*