IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE SATANIC TEMPLE, INC. and ANN DOE, § § § *Plaintiffs,* § § v. § § TEXAS HEALTH AND HUMAN SERVICES COMMISSION and CECILE YOUNG, in her official capacity as Executive Commissioner of the HEALTH AND HUMAN SERVICES COMMISSION, § § § § § § § § *Defendants.* § | Civil Action No. 4:21-cv-00387 |

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULES 12(B)(1) AND 12(B)(6)**

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

CHRISTOPHER D. HILTON
Chief, General Litigation Division

RYAN G. KERCHER
Deputy Chief, General Litigation Division

HEATHER L. DYER
Assistant Attorney General
General Litigation Division

Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548

*Counsel for Defendants*

For the reasons stated below and in Defendants' Motion to Dismiss (ECF No. 46), the Court lacks jurisdiction over Plaintiffs' claims. Even if the Court had jurisdiction, Plaintiffs' claims fail on the merits.

## I. PREVIOUS FILINGS DO NOT SAVE THE AMENDED COMPLAINT

Plaintiffs attempt to justify the Fourth Amended Complaint's ("Amended Complaint") inadequacies by instructing the Court to review previous items of record in the case. ECF No. 52 at 12; *See generally* ECF No. 39. But "[w]hen one files an amended pleading, it replaces and renders null the pleading it seeks to amend." *Guar. Nat. Ins. Co. v. Vic Mfg. Co.*, 143 F.3d 192 (5th Cir. 1998) ("An amended pleading completely supersedes prior pleadings...."). The original pleading for legal purposes no longer exists." *Mull v. Houston Indep. Sch. Dist.*, No. 4:20-CV-02638, 2021 WL 5587911, at *1 (S.D. Tex. Nov. 30, 2021), aff'd, No. 22-20001, 2022 WL 3130249 (5th Cir. Aug. 4, 2022). A complaint's "short and plain statement of the claim showing that the pleader is entitled to relief". However, there must also contain factual allegations that raise a right of relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). "[L]abels and conclusions" are insufficient. *Id.* To the extent Plaintiffs rely on their evidentiary appendix, none of those documents even mention Defendants. *See* ECF 40-1.

Further, Plaintiffs fail to plead which statutes they challenge, and instead refer to unnamed "religious statutes." *See generally* ECF No. 39. It is not until their Motion for a Temporary Restraining Order that they even reference a Texas statute. ECF No. 40 at 14. They mention said statutes though only in their prayer for relief.

*Id.* Plaintiffs' factual allegations are equally insufficient, consisting of vague and conclusory statements like, "Young prohibits abortion." *Id.* at 2.

Following nearly two years of litigation, the burden is not on Defendants to comb through pleadings to assemble a cognizable claim for Plaintiffs. *Twombly*, 550 U.S. at 561. Instead, Plaintiffs have the burden to plead allegations that "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Id.* Plaintiffs fail to meet this burden, and the Court should grand Defendants' Motion to Dismiss.

## II. THE COURT LACKS JURISDICTION

Plaintiffs fail to establish any element of Article III standing. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180-81 (2000); *see also Tex. Democratic Party v. Benkiser*, 459 F.3d 582, 585-86 (5th Cir. 2006);*Twombly*, 550 U.S. at 555-556. Plaintiffs' Response continues the conclusory tone of their Amended Complaint but offers nothing more in substance. *See* ECF Nos. 39 and 52.

Plaintiffs fail to state, in either the Amended Complaint or the Response, which "religious statutes" or "abortion restrictions" they challenge. *See generally* ECF Nos. 39 and 52. Only the prayer in Plaintiffs' Motion for a Temporary Restraining Order mentions specific statutes. Further, Plaintiffs fail to allege how any statute allegedly violated their rights. *See generally* ECF No. 39; ECF No. 40 at 14.

### a. *Injury-in-Fact*

Plaintiffs' putative injuries are likewise vague and conclusory. Plaintiffs allege: (1) Ann Doe listened to sonogram results and adhered to a statutory waiting

3

period; (2) Darcey Ruffalo, was denied a religious exemption for the "six-week abortion ban"; and (3) Mary Doe, read "religious literature" and was "forced to act in contravention of her conscience." ECF No. 52 at 7-8. Plaintiffs' broadly allege that Young placed "the State in between us and our free exercise of our religious beliefs," but do not allege how. ECF No. 52 at 7. These conclusory allegations, devoid even of basic who/what/when/where/how context, do not support a claim of a legally-cognizable injury.

To the extent Plaintiffs claim injury from "future enforcement" or "threatened criminal sanctions," they allege no facts to demonstrate a "real and immediate threat of repeated injury in the future." *Attala Cnty., Mississippi Branch of NAACP v. Evans*, 37 F.4th 1038, 1042 (5th Cir. 2022) (citing *Society of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir. 1992). A threat of future harm must be "certainly impending"; mere "[a]llegations of possible future injury" do not suffice. *Id.* (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 413 (2013). Plaintiffs fail to allege any injury has even occurred, much less have they alleged imminence of injury remains. *Id.*; See ECF No. 39. The Amended Complaint therefore fails to plead injury in fact.

### b. *Traceability*

Plaintiffs also cannot show how any putative injury is traceable to Defendants. Plaintiffs fail to describe how they received their putative injuries, but instead conclude, "Young stopped our ritual activities." ECF No. 52 at 7. Even the ninety-seven page appendix accompanying Plaintiffs' Motion for a Temporary Restraining Order does not mention either Defendant even once. ECF No. 40-1. Plaintiffs'

conclusory allegations describe legal elements, rather than factual occurrences. ECF No. 39 at 5-6.

Just as Plaintiffs leave it for Defendants (and the Court) to guess at what statutes Plaintiffs challenge in the Amended Complaint, Plaintiffs also leave Court and counsel to guess at what enforcement action—taken or threatened—Plaintiffs sue to redress. Assuming Plaintiffs refer to Tex. Health & Safety Code § 170A.001, *et seq*. when discussing the Texas "abortion ban", Defendants have no connection to or control over any of the district attorneys or other prosecutors throughout Texas. *See* Tex. Health & Safety Code § 170A.001, *et seq*. Nor do they have control of the Attorney General, who's comments do not create standing against Defendants. *Id.* Plaintiffs claim "Young's own attorneys told us that Young enforces the complained-of regulations. ECF 30, at 12"— but ECF 30 was filed on June 18, 2021, prior to enactment of Section 170A.001, *et seq*. *Id.*

Similarly, Defendants have no enforcement ability regarding the Tex. Rev. Civ. Statutes listed in their Motion for TRO. ECF No. 40 at 14. Those statutes, passed prior to 1974, criminalize abortion, and their enforcement is not the province of either HHSC or its commissioner. *See also* Tex. Rev. Civ. Stat. art. 4512.1-4512.4, 4512.6.

Plaintiffs' failure to specify challenged statutes leaves Defendants to fill in the gaps, Defendants assume as follows: Plaintiffs reference Tex. Health & Safety Code Ann. § 171.012 regarding Ann Doe's alleged denied religious exemption to waiting period and sonogram results; Tex. Health & Safety Code Ann. § 171.028 regarding Darcey Ruffalo's alleged denial of religious exemption with regard to the "six-week

5

abortion ban"; and Tex. Health & Safety Code Ann. § 171.014 regarding Mary Doe's allegation of "force-fed" religious literature. ECF No. 52 at 7-8. In addition to the deficiencies of the Amended Complaint,

Regarding Section 171.028, only private individuals may bring a suit under that provision. Tex. Health & Safety Code Ann. § 171.028 (West). A litigant may only bring such an action for an allegedly unconstitutional statute "[w]here threatened action by government is concerned." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128-29 (2007)). Even if a private person sued Plaintiffs, no state official, in their official capacity, could bring such a suit. Tex. Health & Safety Code Ann. § 171.028 (West). Since jurisdiction is a defendant-specific, claim-specific inquiry, Plaintiffs do not have standing to sue Defendants. *Town of Chester v. Laroe Ests., Inc*, 137 S. Ct. 1645, 1650 (2017). Plaintiffs therefore fail to plead the traceability requirement for standing.

### c. *Redressability*

Plaintiffs likewise fail to plead redressability. Plaintiffs make no attempt to explain how Defendant Young can—evidently by fiat—"recognize a religious exemption for abortion." ECF No. 39, at 6. Plaintiffs' only remaining prayer for relief is an order requiring Defendant Young to "immediately cease all government interference with the ritual," but again fail to plead the nature of such interference or whether an injunction against Defendants would stop it.

Additionally, abortion in the State of Texas is now unlawful. Tex. Health & Safety Code § 170A.001, *et seq*. Thus, enjoining enforcement of Tex. Health & Safety

Code Ann. §§ 171.012 and 171.014 (requiring a waiting period, sonogram results, and providing literature) does not redress Plaintiffs' alleged harm. The same is true under § 171.201.[1]

As Defendants do not enforce any of the remaining statutes listed in Plaintiffs' Motion for TRO, Defendants cannot "recognize a religious exemption for abortion," because those who perform abortions in Texas would still be subject to criminal prosecution. *See* Tex. Health & Safety Code § 170A.001, *et seq.* Plaintiffs seek relief that remedies no injury, and therefore lack standing. *Ctr. for Inquiry, Inc. v. Warren*, 845 F. App'x 325, 329 (5th Cir. 2021).

### III. PLAINTIFFS FAIL TO STATE EITHER A FREE EXERCISE/FREE SPEECH CLAIM OR AN ESTABLISHMENT CLAUSE CLAIM

Even if the Court had jurisdiction, Plaintiffs fail to state a claim. Rather than defend the Amended Complaint, Plaintiffs refer to arguments they made in ECF 30, at 12-17. ECF No. 52 at 11. Those arguments do not support Plaintiffs' position that the Amended Complaint states a claim, because they assume strict scrutiny applies to abortion regulations. *See generally* ECF No. 30. The Supreme Court held otherwise in *Dobbs*, requiring application of rational basis scrutiny to abortion regulations. *Dobbs v. Jackson Women's Health Org.*, 213 L. Ed. 2d 545, 142 S. Ct. 2228, 2284 (2022).

Regarding Plaintiffs' Free Speech/Free Exercise Claim, and as fully outlined

---

[1] Indeed, as abortion is no longer legal in the state, any statutes related to procedures prior to an abortion could not be reasonably expected to recur, suggesting claims under those statutes are moot. *Carr v. Alta Verde Indus., Inc.*, 931 F.2d 1055, 1062 (5th Cir. 1991).

7

in Defendants' Motion to Dismiss (ECF No. 46), Plaintiffs fail to allege how they are either required to, or restrained from, speaking. ECF No. 46 at 10. Therefore, their claim is simply a free-exercise challenge, which requires no religious exemption because the "religious statutes apply generally and naturally to all abortion-seekers." *Id.* at 15.

To rebut this general applicability argument, Plaintiffs rely on, but misread, *Fulton v. City of Philadelphia, Pennsylvania,* 141 S. Ct. 1868 (2021). ECF No. 52 at 11. Assuming Plaintiffs challenge the statutes outlined above, those provisions do not provide for individualized or discretionary exemptions like those in *Fulton*. *See* Tex. Health & Safety Code § 170A.001 *et. sq.,* § 171.012, § 171.014, § 171.028 (West); *Fulton*, 141 S. Ct. at 1871. None of the statutes Plaintiffs presumably challenge provide discretion for the government to grant exceptions on a case-by-case basis; thus, Plaintiffs must comply with the "valid and neutral law of general applicability," even if it involves conduct that their religion prescribes. *Employment Division v. Smith*, 494 U.S. 872, 882 (1990).

Plaintiffs' only allegation regarding their Establishment Clause claim is a conclusory statement that their challenged statutes are "all fundamentally rooted in Christian doctrine." ECF No. 52 at 11. However, a statute does not violate the Establishment Clause simply because it coincides or harmonizes with a religion. *McGowan v. Maryland*, 366 U.S. 420, 442 (1961). None of the statutes Plaintiffs presumably challenge reference religion. Moreover, the State, as explained in *Dobbs*, has a legitimate interest in regulating abortion. *See* Tex. Health & Safety Code §

170A.001 *et. sq.,* § 171.012, § 171.014, § 171.028 (West); *Dobbs*, 213 L. Ed. 2d at 545 (2022).

That interest, when combined with the generally applicable nature of the statutes, make the challenged provisions constitutional under the Free Exercise, Free Speech, or the Establishment Clauses. Thus, the Court should Plaintiffs' Amended Complaint because it fails to state a claim.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to dismiss. Because Plaintiffs have already amended their complaint four times since the inception of this litigation, and because further amendments would be futile in the face of the legal infirmity of Plaintiffs' claims, the Court should not permit additional amended complaints.

    Respectfully submitted.

    KEN PAXTON
    Attorney General of Texas

    BRENT WEBSTER
    First Assistant Attorney General

    GRANT DORFMAN
    Deputy First Assistant Attorney General

    SHAWN COWLES
    Deputy Attorney General for Civil Litigation

    CHRISTOPHER D. HILTON
    Chief, General Litigation Division

    */s/ Ryan G. Kercher*
    **RYAN G. KERCHER**
    Lead Counsel

>Deputy Chief, General Litigation Division
>Texas Bar No. 24060998
>Southern Bar No. 882329
>
>/s/ *Heather L. Dyer*
>**HEATHER L. DYER**
>Assistant Attorney General
>General Litigation Division
>Texas State Bar No. 24123044
>Southern Dist. No. 3678443
>
>Office of the Attorney General
>P.O. Box 12548
>Austin, Texas 78711-2548
>Tel: (512) 463-2120
>Fax: (512) 320-0667
>Ryan.kercher@oag.texas.gov
>Heather.dyer@oag.texas.gov
>
>***Counsel for Defendants***

## CERTIFICATE OF COMPLIANCE

I hereby certify, in accordance with Court Procedure 18(c), that the foregoing brief complies with the Court's word limit of 2,000. According to the word count function within Microsoft Word, this motion contains 1,962 words, exclusive of the case caption, signature block, and certificates.

>*/s/ Ryan G. Kercher*
>**RYAN G. KERCHER**
>Assistant Attorney General

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2022, the foregoing document was served via the Court's CM/ECF system to all counsel of record.

>  */s/ Ryan G. Kercher*
>  **RYAN G. KERCHER**
>  Assistant Attorney General