IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE SATANIC TEMPLE, INC. and ANN DOE, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | |
| TEXAS HEALTH AND HUMAN SERVICES COMMISSION and CECILE YOUNG, in her official capacity as Executive Commissioner of the HEALTH AND HUMAN SERVICES COMMISSION, | § § § § § § § § | Civil Action No. 4:21-cv-00387 |
| *Defendants.* | § § | |

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

CHRISTOPHER D. HILTON
Chief, General Litigation Division

RYAN G. KERCHER
Deputy Chief, General Litigation Division

HEATHER L. DYER
Assistant Attorney General
General Litigation Division

Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548

***Counsel for Defendants***

NOW COMES Defendants the Texas Health and Human Services Commission ("HHSC") and Cecile Young ("Young") (collectively, "Defendants") and submits the following response to Plaintiffs', The Satanic Temple, Inc. and Ann Doe's (collectively, "Plaintiffs") Motion to Strike Defendants' Motion to Dismiss (ECF No. 51).

## I. DEFENDANTS' MOTION TO DISMISS WAS TIMELY

Plaintiffs admit to giving Defendants a week extension to file a responsive pleading after notifying Defendants of a missed deadline. ECF No. 51 at 4. Defendants admit to having missed the initial deadline based on a calendaring error. *Id.* Defendants then, within the week, filed their Motion to Dismiss. ECF No. 46. While Plaintiffs contend a motion to dismiss is not what they meant when allowing a week's extension, based on the specific term "responsive pleading" as defined by the Federal Rules, their contention is meritless. Following the joint status reports and the judge's order, there was never an answer deadline in this case. ECF Nos. 37 and 38. Defendants made it clear, as further emphasized by the Court's own order, they intended to file a Motion to Dismiss in this case. ECF No. 38 at 1. Plaintiffs had no basis to believe that Defendants would be filing an answer in this case.

Accordingly, when Defendants asked for an extension, Plaintiffs knew or should have known that extension was sought for their dispositive motion. Defendants use of the term "responsive pleading" was not meant in the specific legal definition that Plaintiffs claim. Accordingly, Plaintiffs gave Defendants an extension to file their Motion to Dismiss and Defendants timely filed their motion within that timeframe.

2

## II. THE COURT WOULD NOT ABUSE ITS DISCRETION BY RETAINING DEFENDANTS MOTION TO DISMISS.

Federal Rule of Civil Procedure 6(b) gives a district court broad discretion to expand filing deadlines. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995). Rule 6(b) gives discretion to a district court to allow such an enlargement at any time a motion is made after the expiration of a specified time period if the failure to act resulted from excusable neglect. FED. R. CIV. P. 6(b). In *Soliz v. Bennett*, the Fifth Circuit Court of Appeals found the district court did not abuse its discretion by allowing Defendants to file a dispositive motion out of time because important jurisdiction issues had been raised in the motion. *Soliz v. Bennett*, 150 F. App'x 282, 284 (5th Cir. 2005). Similarly, here, Defendants raise important jurisdictional issues in their motion to dismiss. ECF No. 46 at 5-10.

Excusable neglect is an "elastic concept" that empowers courts to accept, "where appropriate, ... late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. A court determining whether a party's conduct resulted from excusable neglect must take into account all relevant circumstances surrounding the failure, including the danger of prejudice, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether they acted in good faith. *Christopher v. Diamond Benefits Life Ins. Co.* (*In re Christopher*), 35 F.3d 232, 236

3

(5th Cir.1994) (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.).

Here, Plaintiffs have not alleged they were prejudiced by the delay in Defendants' motion. *See generally* ECF No. 51. Indeed, Defendants' Motion to Dismiss was fully briefed before this Response to Plaintiffs' Motion to Strike was due[1]. *See* ECF Nos. 46, 52, and 56.

Lastly, Plaintiffs' suggestion that the Parties have not conferred under the Rules is meritless. The Parties conferred in July and agreed to a briefing schedule on motions to dismiss. Defendants' request to modify that briefing schedule does not require a brand-new conference on the merits.

Plaintiffs were not in any way prejudiced by a slight delay in the filing of Defendants motion to dismiss. Accordingly, it is squarely within the Court's discretion to allow such a delay given the circumstances.

### III. DEFENDANTS' JURISDICTIONAL CLAIMS CAN BE RAISED AT ANY JUNCTURE OF THE PROCEEDINGS

As explained above, Defendants' Motion to Dismiss was timely in its entirety. However, should the court rule in the alternative, the portion of the motion styled as a 12(b)(1) jurisdictional claim can be brought at any time during litigation and is therefore also timely. As a challenge to the Court's subject matter jurisdiction may be made at any level of the proceedings, including by the Court *sua sponte*. Thus, Defendant's Motion to Dismiss on those grounds is not untimely. *See generally Defunis v. Odegaard,* 416 U.S. 312, 316 (1974) (per curiam) (citations omitted) (the court's inability to review a moot case "derives from the requirement of

---

[1] *See* https://www.txs.uscourts.gov/sites/txs/files/CRE%20Court%20Procedures%202020.06.22.pdf.

Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy."); *Texas Office of Pub. Util. Counsel v. FCC,* 183 F.3d 393, 413 n. 16 (5th Cir. 1999) (quoting *North Carolina v. Rice,* 404 U.S. 244, 245 (1971) ("[m]ootness goes to the heart of our jurisdiction under Article III of the Constitution. Since Defendants raised jurisdictional standing arguments in their motion to dismiss, at the least, that portion of Defendants motion is in fact timely.

## IV.     CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion to strike Defendants' motion to dismiss.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

CHRISTOPHER D. HILTON
Chief, General Litigation Division

*/s/ Ryan G. Kercher*
**RYAN G. KERCHER**
Lead Counsel
Deputy Chief, General Litigation Division
Texas Bar No. 24060998
Southern Bar No. 882329

5

/s/ *Heather L. Dyer*
**HEATHER L. DYER**
Assistant Attorney General
General Litigation Division
Texas State Bar No. 24123044
Southern Dist. No. 3678443

Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
Tel: (512) 463-2120
Fax: (512) 320-0667
Ryan.kercher@oag.texas.gov
Heather.dyer@oag.texas.gov

***Counsel for Defendants***

## CERTIFICATE OF COMPLIANCE

I hereby certify, in accordance with Court Procedure 18(c), that the foregoing brief complies with the Court's word limit of 5,000. According to the word count function within Microsoft Word, this motion contains 910 words, exclusive of the case caption, signature block, and certificates.

*/s/ Ryan G. Kercher*
**RYAN G. KERCHER**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2022, the foregoing document was served via the Court's CM/ECF system to all counsel of record.

*/s/ Ryan G. Kercher*
**RYAN G. KERCHER**
Assistant Attorney General

6