# 4:21-cv-387

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

The Satanic Temple, Inc. ("**TST**") and Ann **Doe**,
*Plaintiffs*,

*v.*

Cecile **Young**, health commissioner
*Defendant*.

## OPPOSITION TO *SUA SPONTE* MOTION FOR SANCTIONS



**Matt Kezhaya**
Ark. # 2014161
Minn. # 0403196

matt@crown.law
direct: (479) 431-6112
general: (612) 349-2216

100 S. Fifth St., Suite 1900, Minneapolis, MN 55402

**COMES NOW** Matt Kezhaya in opposition to the Court's *sua sponte* motion to revoke his *pro hac vice* licensure (ECF 59).

## 1: The show-cause order is ungrounded.

This opposition was made considerably more difficult because the show-cause order did not recite any rules of law to substantiate the threatened revocation. It is axiomatic that the proponent of a requested order has the duty to substantiate the grounds therefor. FRCP 7(b)(1)(B) (motions, including *sua sponte* motions, must "state with particularity the grounds for seeking the order").

The Court has previously required of Plaintiffs an exacting analysis as a condition precedent to even considering a motion for preliminary injunction. ECF 42, at 3 (declining to address the constitutional issue entailed in the motion for preliminary injunction because "Plaintiffs don't even attempt to establish the … factors.").

What's sauce for the goose is sauce for the gander. The Court should decline to revoke my *pro hac vice* status for want of a sufficient legal analysis in its *sua sponte* motion to support revoking my *pro hac*

*vice* status. Nor, for that matter, retroactively sanctioning me for having previously entering filings pursuant to my pro hac vice status; conduct that was lawful at the time. ECF 59, at 2 (openly soliciting substantiation for *ex post facto* sanctions); *compare Karem v. Trump*, 960 F.3d 656, 666 (D.C. Cir. 2020) ("'the principle of fair warning' requires that novel standards announced in adjudications 'must not be given retroactive effect where they are unexpected and indefensible by reference to the law which had been expressed *prior to the conduct in issue*'") (latter internal quote cleaned up; emphasis in original; quoting *Rogers v. Tennessee*, 532 U.S. 451, 462 (2001)).

## 2: District Judges Wright and Kelley are biased.

The Fifth Amendment protects a litigant's due process right to be free from an unbiased federal judge. See U.S. Const. amend V. Under well-established constitutional principles, litigants are free from a "constitutionally intolerable probability of actual bias." *Cf. Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 882 (2009) (Fourteenth Amendment case). Due process requires that a litigant be

"granted an opportunity to present his claims to a court unburdened by any possible temptation not to hold the balance nice, clear, and true." *Cf. Williams v. Pennsylvania*, 579 U.S. 1, 16 (2016) (Fourteenth Amendment case). The legal question is "whether the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Id.*, at 4. That is an objective standard, *id.*, and it is a component of the minimum standards of fairness upon which our system of justice is founded. *Withrow v. Larkin*, 421 U.S. 35, 46 (1975) ("a fair trial in a fair tribunal is a basic requirement of due process") (Fifth Amendment case).

## 2.1: *Belle Plaine* arose from religious bias.

The Court first cites *Belle Plaine*.[1] Despite having filed a complaint which addressed that The Satanic Temple is a *bona fide*

---

[1] The actual sanctions order is at *Satanic Temple, Inc. v. City of Belle Plaine, MN*, No. 21-CV-0336 (WMW/JFD), 2022 WL 1639514 (D. Minn. May 24, 2022). An order for monetary sanctions is not "final" until the *quantum* has been set. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202–03 (1988); *see also Lee v. L.B. Sales*, Inc., 177 F.3d 714, 717 (8th Cir. 1999).

religion (having survived scrutiny by the IRS and by the Arizona District Court), District Judge Wilhelmina Wright, D. Minn., demanded in a Rule 12(b)(6) hearing that I give an on-the-spot sermon as to the religious *bona fides* of a monument which features a well-known symbol of religious significance to Satanists (an inverted pentagram). When I explained the religious symbolism of the monument, as well as its proselytizing nature, I was met with a rhetorical question as to whether The Satanic Temple is religious "because it is anti-religious." *But see Watson v. Jones*, 80 U.S. 679, 728 (1871) ("The law knows no heresy, and is committed to the support of no dogma, the establishment of no sect.")

It should go without saying that a federal judge should *not* describe a religious discrimination plaintiff as "anti-religious," particularly not in a Rule 12(b)(6) hearing, and doubly so when the moving party did not even raise the argument. See 28 USC § 455(a); Rule 2.3(B), Minnesota Code of Judicial Conduct ("A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice … [as to] religion.") Yet, here we are.

The ostensible basis for sanctions was not *wrongthink* but filing a second suit which had been explicitly preauthorized. *See Satanic Temple v. City of Belle Plaine, Minnesota*, 475 F. Supp. 3d 950, 966 (D. Minn. 2020) ("DISMISSED WITHOUT PREJUDICE"); *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001); Black's Law Dictionary, DISMISSED WITHOUT PREJUDICE (11th ed. 2019).

More particularly, the ostensible ground for sanctions was that a magistrate's order denying leave to amend and denying leave to nonsuit was a *de facto* retroactive dismissal "with" prejudice. I provided District Judge Wright with authority that magistrates cannot enter preclusive orders (28 USC § 636); and, even if they could, a DISMISSAL WITHOUT PREJUDICE cannot be "contorted" into one "with" prejudice. *Kulinski v. Medtronic Bio–Medicus, Inc.*, 112 F.3d 368, 373 (8th Cir. 1997). I even explained why: the denial of leave to amend is "irrelevant" to the *res judicata* question. *N. Assur. Co. of Am. v. Square D Co.*, 201 F.3d 84, 88 (2d Cir. 2000). The bar is instead "based on the requirement that the plaintiff must bring all

claims at once against the same defendant relating to the same transaction or event." *Id.*

District Judge Wright selectively quoted from *N. Assur.* that the decision denying leave to amend is "no more than a proxy to signify at what point claims have been forfeited due to a plaintiff's failure to pursue all claims against a particular defendant in one suit" *Satanic Temple v. City of Belle Plaine*, No. 19-CV-1122 (WMW/JFD), 2021 WL 4199369, at *18 (D. Minn. Sept. 15, 2021). But this errantly omits that the plaintiff does not "forfeit" their rights when (as here) they tried to bring all the claims at once and were rebuffed. *Wright & Miller*, 18 Fed. Prac. & Proc. Juris. § 4412 (3d ed.) (citing, among others, *Lake View*, 578 F.3d at 760; *Baker Group, L.C. v. Burlington Northern and Santa Fe Ry. Co.*, 451 F.3d 484, 486–488 (8th Cir. 2006)).

My conduct in *Belle Plaine* was required to effectuate appellate jurisdiction. *See Mathers v. Wright*, 636 F.3d 396, 398-399 (8th Cir. 2011) (no appellate jurisdiction arises from a dismissal without

prejudice until a Rule 54(b) certificate has issued or until a 28 USC § 1292(b) certificate of appealability has issued; neither happened in *Belle Plaine*); *United States v. University of Massachusetts, Worcester*, 812 F.3d 35, 44 n.7 (1st Cir. 2016) (the denial of leave to amend is not a "final" judgment); *see also Morris v. Barkbuster, Inc.*, 923 F.2d 1277, 1280 (8th Cir. 1991) (addressing the "entire controversy" rule).

In summary, a biased judge openly flaunted the rules that allegations of fact in a complaint are to be deemed *true* at the pleadings stage, especially when the allegation speaks to the religiosity of a particular act. *E.g. United States v. Seeger*, 380 U.S. 163, 184 (1965) ("the claim of the registrant that his belief is an essential part of a religious faith must be given great weight.") The biased judge then punished an attorney for bringing a second suit which that biased judge had explicitly preauthorized and which was required to perfect appellate jurisdiction. The law did not support the order of dismissal, let alone the order for sanctions. *See also See Black Hills Inst. of Geological Rsch. v. S. Dakota Sch. of Mines & Tech.*, 12 F.3d 737, 745

(8th Cir. 1993) (reversing a sanctions order for confusing the merits of an argument with the merits of bringing it).

So much more can be said for the gross miscarriage of justice in *Belle Plaine*. See **Exhibit 1** (my *Belle Plaine I* opening brief); **Exhibit 2** (City's *Belle Plaine 1* response brief); **Exhibit 3** (my *Belle Plaine 1* reply brief); and **Exhibit 4** (my *Belle Plaine II* opening brief). This Court should read all of the briefing and form an independent conclusion.

## 2.2: *Boston* arose from political bias.

The "other" sanction, errantly cited by the Court, is neither directed at me, nor final. *Satanic Temple, Inc. v. City of Bos., MA*, No. 21-CV-10102-AK, 2022 WL 1028925, at *6 (D. Mass. Apr. 6, 2022) (announcing discovery sanctions because "*TST's* conduct here forced briefing of this motion") (emphasis added); *id.* at *7 ("the amount shall be evaluated and assess at the conclusion of discovery"); *cf. United States v. Kouri-Perez*, 187 F.3d 1, 12 (1st Cir. 1999) (sanctions orders are not final until appealable); *see also id.*, at n. 7

(distinguishing a "sanction" from a "disciplinary action;" *i.e.*, the Rule 3 requirement that I report an "order of discipline" never attached).

In *Boston*, as with *Belle Plaine*, we again see bias in the federal judiciary. In the very order cited by the Court, District Judge Kelley described a percipient witness as a "rising political leader." *Boston*, 2022 WL 1028925, at *5.

At issue in *Boston*, is a legislative prayer case. Under binding Supreme Court precedent, a legislative prayer only survives Establishment Clause scrutiny if the prayer opportunity is non-discriminatory. *E.g. Town of Greece, N.Y. v. Galloway*, 572 U.S. 565 (2014). Boston, however, thinks that its Councilors can select whichever prayer-giver they please. As a result of this unfettered opportunity for selection bias, Christian prayers account for 86% of the prayers even though Christians only represent 55% of the populace. Given that this is a religious discrimination case, which requires proof of

subjectively discriminatory intent,[2] that means I need testimony from a Councilor that they did not invite a representative of my client because of my client's religious viewpoint. To that end, the parties agreed on-the-record that the number of depositions would be increased to facilitate each of the Councilors' depositions. **Exhibit 5**.

The first councilor to testify was to be then-Councilor Michelle Wu, who first asserted in a 2016 email that Boston had an unfettered right to pick and choose which religions would receive Boston's official endorsement as a preferred religion. Knowing that then-Councilor Michelle Wu was favored to be the next Mayor, knowing that her mayoral status would be used as grounds to resist her deposition, and knowing that my best leverage would be a rescheduling , I noticed her up for Election Day. As predicted, the City objected to the date and I secured an agreement for a mutually-acceptable date

---

[2] *Satanic Temple v. City of Scottsdale*, No. CV18-00621-PHX-DGC, 2020 WL 587882 (D. Ariz. Feb. 6, 2020), aff'd sub nom. *Satanic Temple, Inc. v. City of Scottsdale*, 856 F. App'x 724 (9th Cir. 2021)

which would allow briefing on a motion for protective order. But the City reneged on its deal, and stated that it had no intention of providing Wu for a deposition absent an order compelling her attendance.

I objected, **exhibit 6**, reciting the above and yet Boston's refusal to provide Wu no matter the date was somehow twisted into *me* being "disingenuous" (*id.*, at *7) as to my point that Boston would never have provided Wu no matter the date.

In summary, a politically biased judge sought to protect a "rising political leader" from the political fallout entailed in giving truthful testimony about her efforts to preclude a religious minority from its equal right to participate in a government-sponsored religious ceremony. We have a pending motion to recuse. **Exhibit 7**. And a motion to reconsider the protective order. **Exhibit 8**.

## 3: No other sanctions; nor discipline.

The Court also demands to know any other form of sanctions, pending or imposed, upon me. ECF 59, at 2. There are none to report. Nor is there any disciplinary measure to report. An Austin individual who I am now suing for defamation reported me to the Minnesota bar because I included her "real identity" in a demand letter and because I was mean to her compatriots on the internet. That went nowhere fast. **Exhibit 9**.

## 4: The Fifth Circuit has blessed me.

I provided all the information and documents addressed above to the Fifth Circuit to facilitate the appeal from this Court's denial of the preliminary injunction, and was granted licensure. If I am fit enough to appear before the Fifth Circuit, I struggle to see how I am not fit enough for this Court.

## 5: Request for reassignment and for due process.

Disciplinary actions are to be initiated by a writing addressed to the chief judge with a copy to the clerk of court. Rule 5.A, local rules, Appendix "A." This Court, however, side-stepped my due process right for the chief judge to review the matters addressed herein for frivolity, and further side-stepped my right for a *random* district judge to review the matter for a determination on the merits. Id., at Rule 5.B.

No matter. By copy of this brief and the show-cause order that prompted it to Chief Judge Rosenthal's chambers, I apprise the Chief Judge of the pendency of this matter and request a frivolity assessment. If my conduct fails the Chief Judge's expectations, I request resolution by a random district judge other than the one who apparently engaged in a *sua sponte* investigation of one of the litigants before the Court. I further demand all due process trappings promised by Rule 5 before any disciplinary orders are issued.



**Matt Kezhaya**       matt@crown.law
Ark. # 2014161         direct: (479) 431-6112
Minn. # 0403196        general: (612) 349-2216
100 S. Fifth St., Suite 1900, Minneapolis, MN 55402

# Certificate of service

**NOTICE IS GIVEN** that I, Matt Kezhaya, efiled the foregoing document by uploading it to the Court's CM/ECF system on November 25, 2022, which sends service to registered users, including all other counsel of record in this cause. *s/ Matt Kezhaya*

# Exhibit list

1. *Belle Plaine I* - opening brief
2. *Belle Plaine I* - response brief
3. *Belle Plaine I* - reply brief
4. *Belle Plaine II* - opening brief
5. *Boston* – parties' agreement that the Councilors would testify
6. *Boston* – objection to sanctions
7. *Boston* – motion to recuse
8. *Boston* – motion to reconsider
9. *Minnesota* – no discipline for being mean on the internet