| | |
|---|---|
| **From:** | Matt Kezhaya |
| **To:** | Nathan Ochsner |
| **Cc:** | |
| **Subject:** | RE: Satanic Temple v. Young (4:21-cv-387) -- request for frivolity review; request for reassignment to random judge |
| **Date:** | Monday, November 28, 2022 4:00:09 PM |
| **Attachments:** | image001.png |
| | image003.png |

**CAUTION - EXTERNAL:**

Hi Nathan,

Thanks for the call earlier. To clarify my first email: it is my opinion that the show-cause order is a "charge" within the meaning of Rule 5.A which "shall be brought to the attention of the court by a writing addressed to the chief judge with a copy to the clerk of court." My opinion is based on the show-cause order's direction that I shall dissuade Judge Eskridge from terminating my *pro hac vice* licensure. Terminating my *pro hac vice* licensure is a "disciplinary action," which is supposed to be attended to by certain due process protections. Rule 5.F; see also, generally, Rule 5.

To address the Rule 6 mechanism for reinstatement, the problem with requiring me to wait until after Judge Eskridge terminates my licensure lies in the deprivation of the due process guarantees of Rule 5 before I am subjected to court discipline. While the Attorney Admissions Committee may be an available remedy, it is not an adequate remedy because my license will have been wrongly terminated in the interim, which will detriment my client (because my client will be deprived of its chosen representative) and will cause me professional repercussions (unlike a sanctions order, I have an ongoing obligation to notify my State bars of the matter – see Ark. R. Prof. Cond. §§ 14.B and 14.G and MN ST LWYRS PROF RESP Rule 12(d), both copied below).

Based on the foregoing, it is my opinion that the show-cause order should have been addressed to the Chief Judge and the Clerk for a frivolity assessment; and that any disciplinary actions taken against me should be administered with strict compliance with Rule 5.

Please let me know if I can provide anything further.


AR R PROF COND § 14:

A. Executive Director's Duty to Obtain Order of Disbarment, Suspension, or Transfer to Disability Inactive Status. Within fifteen (15) days after any person admitted to practice in Arkansas is disbarred, suspended, or transferred to disability inactive status by a state or federal court or a corresponding disciplinary authority of another jurisdiction, the attorney shall inform the Executive Director of the disbarment, suspension, or transfer. Upon notification from any source that an attorney licensed to practice in Arkansas has been disbarred, suspended, or transferred to disability inactive status by another state or federal court or a corresponding disciplinary authority of another jurisdiction, the Executive Director shall obtain a certified copy of the order imposing such discipline and file it with the Committee on Professional Conduct.

B. Notice Served upon Respondent. Upon receipt of a certified copy of an order imposing a disbarment, suspension, or transfer, the Executive Director shall serve on the attorney, as provided in Section 9, a copy of the order and notice that the attorney has twenty (20) days from the day of service to file with the Executive Director any claim by the attorney predicated upon the grounds

set forth in Paragraph F, that the imposition of the identical sanction would be unwarranted and the reasons for that claim.

C. Effect of Stay in Other Jurisdiction. In the event the disbarment, suspension, or transfer to disability inactive status imposed in the other jurisdiction has been stayed there, any reciprocal sanction imposed in this jurisdiction shall be deferred until the stay expires.

D. No Claim Filed. If no claim is filed within twenty (20) days, the Executive Director shall so inform the Committee, which shall proceed to determine the matter by ballot vote consistent with the requirements of Section 10 of these Procedures, to the extent applicable.

E. Claim Filed. If a claim is filed within twenty (20) days, the Executive Director may file and serve a response to the claim within fifteen (15) days after the claim is filed. Within fifteen (15) days after service of any such response, the attorney who filed the claim may file a reply. The claim shall be determined by ballot vote consistent with the requirements of Section 10 of these Procedures, to the extent applicable.

F. Discipline to Be Imposed. Upon a ballot vote, a Panel of the Committee shall impose the identical disbarment, suspension, or transfer to disability inactive status, unless the panel finds that:

(1) The procedure before the other state or federal court or corresponding disciplinary authority was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Committee could not, consistent with its duty, accept as final the conclusion on that subject; or

(3) The disbarment, suspension, or transfer imposed would result in grave injustice or be offensive to the public policy of Arkansas; or

(4) The reason for the original transfer to disability inactive status no longer exists.

If the Committee determines that any of those elements exists, the Committee shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.

G. Conclusiveness of Adjudication Before Another State or Federal Court or Corresponding Disciplinary Authority. ==In all other respects, a final adjudication before another state or federal court or corresponding disciplinary authority determining that a lawyer is guilty of misconduct or should be transferred to disability inactive status shall establish conclusively the misconduct or the disability for purposes of a disciplinary or disability proceeding in this jurisdiction.==

H. Appeal. A respondent attorney or the Executive Director aggrieved by the action of a Committee Panel on a reciprocal discipline or disability matter may appeal to the Arkansas Supreme Court under the provisions of Section 12 (Appeal) of these Procedures. Neither the attorney nor the Executive Director may request or obtain a public hearing before another Committee Panel on a reciprocal disbarment, suspension, or transfer to disability inactive status.

MN ST LWYRS PROF RESP Rule 12

(d) Reciprocal discipline. Upon learning from any source that a lawyer licensed to practice in Minnesota has been publicly disciplined or is subject to public disciplinary charges in another jurisdiction, the Director may commence an investigation and, without further proceedings, may file a petition for disciplinary action this Court.[1] A lawyer subject to such charges or discipline shall notify the Director. If the lawyer has been publicly disciplined in another jurisdiction, this Court may issue an order directing that the lawyer and the Director inform the Court within thirty (30) days whether either or both believe the imposition of the identical discipline by this Court would be unwarranted and the reasons for that claim. Without further proceedings this Court may thereafter impose the identical discipline unless it appears that discipline procedures in the other jurisdiction were unfair, or the imposition of the same discipline would be unjust or substantially different from discipline warranted in Minnesota. If this Court determines that imposition of the identical discipline is not appropriate, it may order such other discipline or such other proceedings as it deems appropriate. Unless the Court determines otherwise, a final adjudication in another jurisdiction that a lawyer had committed certain misconduct shall establish conclusively the misconduct for purposes of disciplinary proceedings in Minnesota.

**From:** Matt Kezhaya <matt@crown.law>
**Sent:** Monday, November 28, 2022 2:37 PM
**To:** Nathan Ochsner <Nathan_Ochsner@txs.uscourts.gov>
**Cc:** Carolyn McFadden <Carolyn_McFadden@txs.uscourts.gov>; Jennelle Gonzalez <Jennelle_Gonzalez@txs.uscourts.gov>
**Subject:** Re: Satanic Temple v. Young (4:21-cv-387) -- request for frivolity review; request for reassignment to random judge

Hey Nathan, thanks for your email. To clarify: Judge Eskridge is pursuing disciplinary proceedings which, from my review of the Rule 5, leaves me with the belief that I am entitled to a frivolity assessment by the chief judge and a proper trial by a random judge.

Do you have time for a call to help me figure out what's going on, here?

Sent via the Samsung Galaxy S22+ 5G, an AT&T 5G smartphone
Get Outlook for Android

---

**From:** Nathan Ochsner <Nathan_Ochsner@txs.uscourts.gov>
**Sent:** Monday, November 28, 2022 2:20:49 PM
**To:** Matt Kezhaya <matt@crown.law>
**Cc:** Carolyn McFadden <Carolyn_McFadden@txs.uscourts.gov>; Jennelle Gonzalez <Jennelle_Gonzalez@txs.uscourts.gov>
**Subject:** FW: Satanic Temple v. Young (4:21-cv-387) -- request for frivolity review; request for reassignment to random judge

Dear Mr. Kezhaya:

Your email dated November 25, 2022, addressed to the Chief Judge and Clerk has been referred to me for response. A chief district judge has no authority to act on the matters described in your email. Litigants not satisfied with a ruling of a United States District Judge generally file a written objection or a notice of appeal in the case. A litigant raising a matter of a federal judge's behavior has an accountable procedure for filing a complaint of judicial misconduct or disability under the Rules of the Judicial Conference of the United States, which are available under "Judicial Misconduct" on the court's website: www.txs.uscourts.gov.

Nathan Ochsner
Clerk, U.S. District Court
Southern District of Texas

---

**From:** Carolyn McFadden <Carolyn_McFadden@txs.uscourts.gov>
**Sent:** Monday, November 28, 2022 11:07 AM
**To:** Lee Rosenthal <Lee_Rosenthal@txs.uscourts.gov>; Nathan Ochsner <Nathan_Ochsner@txs.uscourts.gov>
**Subject:** FW: Satanic Temple v. Young (4:21-cv-387) -- request for frivolity review; request for

reassignment to random judge

I received the below email and the attachments over the weekend.

Thanks.

Carolyn

Carolyn I. McFadden
Judicial Assistant to Honorable Lee H. Rosenthal
Chief United States District Judge
Southern District of Texas
515 Rusk Avenue, Suite 11535
United States Courthouse
Houston, TX  77002
(713) 250-5980 (Telephone)
(713) 250-5213 (Fax)

---

**From:** Matt Kezhaya <matt@crown.law>
**Sent:** Friday, November 25, 2022 7:17 PM
**To:** Carolyn McFadden <Carolyn_McFadden@txs.uscourts.gov>
**Cc:** Jennelle Gonzalez <Jennelle_Gonzalez@txs.uscourts.gov>; Sonia Kezhaya <sonia@crown.law>; Bill Rohla <bill@crown.law>; Nick Henry <nick@crown.law>; brad@bdrlegal.com
**Subject:** Satanic Temple v. Young (4:21-cv-387) -- request for frivolity review; request for reassignment to random judge

**CAUTION - EXTERNAL:**

Dear Chief Judge and Clerk,

Pursuant to Rule 5.A of the Rules of Discipline, I inform the Court that District Judge Eskridge has charged me with conduct which might warrant disciplinary action. (ECF 59, attached). Pursuant to Rule 5.B, id., I request that the Court perform a frivolity assessment and, if my conduct described herein fails to meet the Court's expectations, for a *random* district judge to hear the evidence and make a determination on the matter. I further demand all the due process trappings afforded by Rule 5. See id. (e.g., giving 14 days' notice to respond, not the 10 afforded to me, and directing an appellate panel of three random district judges).

Please let me know if I can provide anything further.

**Matt Kezhaya**
(479) 431-6112
matt@crown.law

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.