IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE SATANIC TEMPLE, INC. and ANN DOE, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § § | |
| TEXAS HEALTH AND HUMAN SERVICES COMMISSION and CECILE YOUNG, in her official capacity as Executive Commissioner of the HEALTH AND HUMAN SERVICES COMMISSION, | § § § § § § § § | Civil Action No. 4:21-cv-00387 |
| *Defendants.* | § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF RESPONSE TO SHOW CAUSE ORDER**

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

CHRISTOPHER D. HILTON
Chief, General Litigation Division

RYAN G. KERCHER
Deputy Chief, General Litigation Division

HEATHER L. DYER
Assistant Attorney General
General Litigation Division

Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548

***Counsel for Defendants***

NOW COMES Defendants the Texas Health and Human Services Commission ("HHSC") and Cecile Young ("Young") (collectively, "Defendants") and submits the following response to Plaintiffs', The Satanic Temple, Inc. and Ann Doe's (collectively, "Plaintiffs") Response to Show Cause Order (ECF No. 60).

### The Court's Order to Show Cause

On November 15, 2022, this Court issued an Order to Show Cause. ECF 59. That Order included a provision that Defendants may make a responsive filing by December 2, 2022. *Id*. The Court invited Defendants to make arguments in the responsive filing regarding "whether (and if so, what) consequences should attend previously submitted filings upon any revocation of *pro hac vice* status." *Id*.

Defendants take no position on the appropriateness of consequence to Plaintiffs' pleadings, if any, resulting from revocation of Mr. Kezhaya's *pro hac vice* status. Defendants therefore offer no arguments, and make no motion regarding such consequences. Rather, Defendants' construe the Order as a request for briefing. Defendants' findings are below.

Defendants are unaware of required consequences regarding pleadings filed by an attorney whose *pro hac vice* status has been revoked, and have located none. Defendants are likewise unaware of any provision in the local rules or elsewhere preventing a district court from exercising its discretion under the described circumstances.

### The Court's Discretion

"A judge may regulate practice in any manner consistent with federal law,

rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules." FED. R. CIV. P. 83 (b). Further, the existence of the local rules "shall not limit the power of district judges to exercise their inherent powers over lawyers who practice before them." U.S.Dist.Ct.Rules S.D.Tex., App. A, Rule 10. Mr. Kezhaya's Fifth Circuit admission notwithstanding, federal district courts are not required to grant licensure or otherwise regulate attorney conduct in a way that would mirror the Fifth Circuit or any other district court. ECF 60 at 13. "Courts enjoy broad discretion to determine who may practice before them and to regulate the conduct of those who do." *In re Silverman*, 855 F. App'x 912, 914 (5th Cir. 2021) (citing *United States v. Nolen*, 472 F.3d 362, 371 (5th Cir. 2006)). The Fifth Circuit reviews a district court's decision to discipline an attorney for abuse of discretion. *Id.; See also In re Sealed Appellant*, 194 F.3d 666, 673 (5th Cir. 1999) ("The question before us is not whether we would disbar [the attorney] but, rather, whether the district court abused its discretion in doing so.").

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act on its own; or on motion made by a party. . . ." FED. R. CIV. P. 12(f)(2). However, the act of striking is to be used sparingly and only "when the pleading to be stricken has no possible relation to the controversy" *United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012) (quoting *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962)). The decision whether to grant a motion to strike is within the Court's discretion. *United States v. Benavides*, No. CIV.A.B-07-

108, 2008 WL 362682, at *2 (S.D. Tex. Feb. 8, 2008) (Tagle, J.) (citing *United States v. Cushman & Wakefield, Inc.*, 275 F. Supp. 2d 763, 768 (N.D. Tex. 2002)). A district court's ruling on a motion to strike is reviewed for abuse of discretion. *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007).

In a recent case, a court granted a plaintiff's motion to strike Defendant's answers filed on behalf of trusts, because the trusts were not represented by licensed counsel. *United States v. William H. Mikulin, et al,* No. 4:19-CV-1010, 2021 WL 9477053, at *1 (S.D. Tex. Jan. 27, 2021). In the same case, nine other documents we struck because the documents were not proper pleadings and had no basis in law or fact. *Id.* To be clear, Defendants are unaware of any requirement for a district court to follow the *Mikulin* approach, and make no motion in that regard.

## CONCLUSION

Defendants defer to the Court's discretion in determining the consequences for Mr. Kezhaya's failure to promptly report his past discipline, if any.

          Respectfully submitted.

          KEN PAXTON
          Attorney General of Texas

          BRENT WEBSTER
          First Assistant Attorney General

          GRANT DORFMAN
          Deputy First Assistant Attorney General

          SHAWN COWLES
          Deputy Attorney General for Civil Litigation

CHRISTOPHER D. HILTON
Chief, General Litigation Division

*/s/ Ryan G. Kercher*
**RYAN G. KERCHER**
Lead Counsel
Deputy Chief, General Litigation Division
Texas Bar No. 24060998
Southern Bar No. 882329

/s/ *Heather L. Dyer*
**HEATHER L. DYER**
Assistant Attorney General
General Litigation Division
Texas State Bar No. 24123044
Southern Dist. No. 3678443

Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
Tel: (512) 463-2120
Fax: (512) 320-0667
Ryan.kercher@oag.texas.gov
Heather.dyer@oag.texas.gov

***Counsel for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2022, the foregoing document was served via the Court's CM/ECF system to all counsel of record.

*/s/ Ryan G. Kercher*
**RYAN G. KERCHER**
Assistant Attorney General

5