# 4:21-cv-387

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

The Satanic Temple, Inc. ("**TST**") and Ann **Doe**,
*Plaintiffs*,

*v.*

Cecile **Young**, health commissioner
*Defendant*.

**REPLY IN OPPOSITION TO *SUA SPONTE* MOTION FOR SANCTIONS**



**Matt Kezhaya**
Ark. # 2014161
Minn. # 0403196

matt@crown.law
direct: (479) 431-6112
general: (612) 349-2216

100 S. Fifth St., Suite 1900, Minneapolis, MN 55402

**Comes now** Matt Kezhaya in opposition to the Court's *sua sponte* motion to revoke his *pro hac vice* licensure (ECF 59).

## 1: The show-cause order is ungrounded.

Our opening brief addressed that the Court's *sua sponte* motion to revoke Kezhaya's *pro hac vice* licensure was ungrounded in any legal basis. Young's response did not address any, arguing instead that the question of attorney discipline is a subject of judicial discretion.

"Discretion is not whim, and limiting discretion according to legal standards helps promote the basic principle of justice that like cases should be decided alike." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005); see also In re Evans, 524 F.2d 1004, 1007 (5th Cir. 1975) (entering mandamus to grant pro hac vice, stating "Admission to a state bar creates a presumption of good moral character that cannot be overcome merely by the whims of the District Court."). No legal standard has been suggested by anyone to justify depriving Kezhaya of his pro hac licensure. The Southern District of Texas has a clearly stated procedure before an attorney's

licensure can be revoked, and that procedure has not been satisfied. Because there has been no frivolity review by the chief judge, no random district judge to oversee the proceedings, and no prosecution by an attorney, it would be a rank abuse of discretion to revoke Kezhaya's *pro hac vice* licensure.

## 2: District Judges Wright and Kelley are biased.

The opening brief addressed the palpable bias by District Judges Wright and Kelley. Young's responsive brief offers no defense for their judicial misconduct. Because their sanctions orders were entered in violation of TST's fundamental right to proceedings before *fair* tribunals, their discretionary orders are constitutional nullities and offer no valid ground to revoke Kezhaya's *pro hac vice* licensure.

## 3: No other sanctions; nor discipline.

The opening brief addresses that no other sanctions or discipline exists. The response does not contest this. There still are no other sanctions or discipline to address.

## 4: The Fifth Circuit (and Second) has blessed me.

The opening brief addressed that, with full knowledge of all the above, the Fifth Circuit approved petition for licensure. The response contends that this does not dispose of the issue. But the response is a non-sequitur; at issue is whether Kezhaya has engaged in unethical conduct "of such a nature as to justify disbarment of a lawyer." *In re Evans*, 524 F.2d 1004, 1007 (5th Cir. 1975). The Fifth Circuit found that the complained-of conduct does not satisfy the test. Since the opening brief, the Second Circuit has joined that opinion (Kezhaya received his approval there on 12/5/22).

## 5: Objection to absence of proper procedure.

The opening brief attacked the procedure by which the Court seeks to deprive Kezhaya of his *pro hac vice* licensure. Since then, the Chief District Judge entered an order denying the requests for frivolity assessment and reassignment. It appears that the normal rules are being specially rewritten to deprive TST of its chosen attorney

and to further obstruct the ordinary proceedings. *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 267 (1977) ("Departures from the normal procedural sequence also might afford evidence that improper purposes are playing a role.")

## 6: Demand for hearing.

Kezhaya demands an in-person and public hearing. U.S. Const. Amend. V (Due Process Clause); Amend. VI (Confrontation Clause); *In re Evans*, 524 F.2d at 1008:

> If a District Court has evidence of behavior that it believes justifies denying an attorney admission pro hac vice, it must set a hearing date and give the attorney adequate notice of all incidents of alleged misbehavior or unethical behavior that will be charged against him. Specific allegations must be made; general accusations about an attorney's demeanor are insufficient. The hearing must be on the record and present the attorney with adequate opportunity to defend himself and his professional reputation. The presiding judge must be sensitive to possible conflicts of interest if events cast him into the roles of witness, prosecutor, and judge.

This case has been going on for nearly two years and yet we are still stuck in the pleadings stage. The Court should deny its *sua sponte* motion to revoke Kezhaya's *pro hac vice* licensure, grant Nick Henry's motion to appear *pro hac vice,* and enter a timely order on the merits of Young's motion to dismiss.



Matt Kezhaya                          matt@crown.law
Ark. # 2014161                 direct: (479) 431-6112
Minn. # 0403196              general: (612) 349-2216
100 S. Fifth St., Suite 1900, Minneapolis, MN 55402

## Certificate of service

NOTICE IS GIVEN that I, Matt Kezhaya, efiled the foregoing document by uploading it to the Court's CM/ECF system on December 9, 2022, which sends service to registered users, including all other counsel of record in this cause. *s/ Matt Kezhaya*