United States District Court
Southern District of Texas
**ENTERED**
January 12, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE SATANIC TEMPLE INC and ANN DOE, | § § § § | CIVIL ACTION NO 4:21-cv-00387 |
| Plaintiffs, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| TEXAS HEALTH AND HUMAN SERVICES COMMISSION and CECILE YOUNG, | § § § § § | |
| Defendants. | § | |

## ORDER

Attorney Matt Kezhaya was ordered to show cause why his admission to practice *pro hac vice* before this Court shouldn't be revoked. Dkt 59. His response and further reply have been reviewed. Dkts 60 & 64.

Attorney Kezhaya serves as lead counsel for Plaintiffs The Satanic Temple Inc and Ann Doe in this action. He is licensed to practice law in Arkansas and Minnesota. His application to proceed here *pro hac vice* was approved on February 11, 2021. Dkt 11. He has since that time been sanctioned by two other federal courts for serious litigation misconduct taken on behalf of The Satanic Temple. See *Satanic Temple Inc v City of Belle Plaine*, 2022 WL 1639514 (D Minn) (imposing sanctions for filing frivolous lawsuit); *Satanic Temple Inc v City of Boston*, 2022 WL 1028925, *6 (D Mass) (imposing sanctions for abusive subpoena practice).

This Court is similarly concerned about Attorney Kezhaya's ability to practice in federal court in a

professional and reasonable manner. For example, when initiating this action, he filed a motion for a temporary restraining order on February 5, 2021, with respect to an abortion scheduled the next day for Ann Doe—when his filings made clear that he could and should have sought such relief much earlier, if it was sincerely sought. See Dkts 2 (motion for TRO) & 9 (order denying relief). Following decision in *Dobbs v Jackson Women's Health*, 142 S Ct 2228 (2022), he was granted leave to amend his complaint. Dkt 38. The amended complaint he filed is, charitably stated, cryptic. Dkt 39. He then filed a second motion for TRO containing negligible legal analysis, with six pages of the main analysis dedicated to presentation of what's purported to be a five-act play. See Dkt 40 (motion). That motion itself was filed in a manner and on a schedule at odds with a briefing schedule on which Attorney Kezhaya had been consulted and to which he had agreed. See Dkt 42 (order). Worse still, he followed that motion up with an intemperate letter demanding *instanter* ruling, while threatening to seek *mandamus* relief from the Fifth Circuit. See Dkt 41. And most recently, as to a pending motion to dismiss, his response included a photograph apparently intended to shock the reader. See Dkt 52 at 6; see also Federal Rule of Evidence 403.

"Courts enjoy broad discretion to determine who may practice before them and to regulate the conduct of those who do." *United States v Nolen*, 472 F3d 362, 371 (5th Cir 2006). Even so, the Fifth Circuit has recognized limits to this discretion where a district court is considering denying or revoking *pro hac vice* admission, with discretion being less limited in cases of revocation than of denial. See *In re Evans*, 524 F2d 1004, 1007–08 (5th Cir 1975); *United States v Dintz*, 538 F2d 1214, 1223–24 (5th Cir 1976); *Nolen*, 472 F3d at 374–75.

The brief history above makes it appear quite doubtful that Attorney Kezhaya is capable of conforming his conduct to acceptable practice in federal court. His explanations as to the two sanctions entered against him also fail to convince that they weren't justified. See Dkt 60 at 3–12.

But he has adequately explained that the sanctions don't (at least at this juncture) warrant revocation of his admission *pro hac vice*. As such, he may continue as counsel in this litigation.

Attorney Kezhaya is ADMONISHED that his conduct will be scrutinized for propriety, and that frivolous and/or malicious filings will be stricken or summarily denied.

He is further ADMONISHED to conform his conduct and practice to the Federal Rules of Civil Procedure (including Rule 11), the Local Rules of the Southern District of Texas, this Court's individual procedures (including Attachment 2, with respect to guidelines for professional conduct), and all pertinent ethical rules.

The request for reassignment of this matter to another Judge of this District is DENIED. See Dkt 60 at 14. This Court's views are informed solely by the conduct of the parties and counsel to this litigation and derive from no other source. Inquiry into why it is that Attorney Kezhaya has recently been sanctioned by two other federal courts with respect to his representation of one of the parties here is hardly surprising.

Discovery in this matter remains STAYED pending ruling on the motion to dismiss by Defendants Texas Health and Human Services Commission and Cecile Young. See Dkt 38.

SO ORDERED.

Signed on January 12, 2023, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge