United States District Court
Southern District of Texas
**ENTERED**
July 03, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE SATANIC TEMPLE INC and ANN DOE, | § § § | CIVIL ACTION NO 4:21-cv-00387 |
| Plaintiffs, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| CECILE YOUNG, | § § | |
| Defendant. | § | |

ORDER GRANTING MOTION TO DISMISS

Plaintiffs here are The Satanic Temple and one of its members, identified as Ann Doe. They filed this suit challenging the abortion laws of Texas before the Supreme Court issued its decision in *Dobbs v Jackson Women's Health*, 142 S Ct 2228 (2022). After *Dobbs*, they sought and were granted leave to amend their complaint for the third time. The operative complaint asserts claims under the religion and speech clauses of the First Amendment. Dkt 39. It now differs substantially from prior versions in that it contains almost no factual detail and makes broad, vague allegations without even identifying the laws being challenged. See Dkts 1, 12 & 26.

Defendant Cecile Young is Executive Commissioner of the Texas Health and Human Services Commission. Pending is her motion to dismiss the third amended complaint. Dkt 46. She argues that (i) Plaintiffs lack standing to sue, (ii) she is immune to suit, and (iii) the third amended complaint fails to state a claim.

The motion is granted. The complaint lacks sufficient factual allegations either to support Plaintiffs' standing or

to overcome Young's immunity to suit. Further attempt at repleading won't be allowed.

### 1.  Background

The third amended complaint is spare and unusually cryptic. For instance, The Satanic Temple is alleged to be "a religion." Dkt 39 at ¶ 4. But what its belief structure entails and how Texas law was applied against it isn't meaningfully explained. Also unstated is how those laws impacted Ann Doe herself, who is included in the caption, but about whom nothing more is said.

Similarly obscure is the nature of Plaintiffs' action against Defendant Cecile Young. Given oblique reference to her title in the caption, Young is presumably named in her official capacity as the Executive Commissioner of the Texas Health and Human Services Commission. Little else is said about her. It's certainly not clear what she's allegedly done, or when, how, or to whom she did it.

The third amended complaint overall devotes only five pages to the narrative and causes of action. Much is left to conjecture. It proceeds upon assertions such as:

> 5.  The Satanic Temple propounds the Seven Tenets.
>
> 6.  The congregants follow the Seven Tenets.
>
> 7.  The Seven Tenets permit abortions.
>
> 8.  The congregants engage in ritual abortion.
>
> 9.  Young prohibits abortion. All abortions. Including the ritual.
>
> . . .
>
> 15. The legislators enacted the religious statutes.
>
> 16. The religious statutes are that other religion's effort to interfere with the ritual.
>
> . . .
>
> 24. The religious statutes authorized Young to interfere with the ritual.

25. The congregants tried to engage in the ritual despite the religious statutes.

26. Young enforced the religious statutes.

27. The congregants were unsuccessful in having their ritual.

28. Young stopped the ritual.

The supposed "religious statutes" aren't specified or explained in any way. Neither are "the Seven Tenets" or "the ritual." And no congregant is mentioned by name or description, including Ann Doe.

Plaintiffs sketch two causes of action with even less detail. Count One purports to state a claim under the Free Speech and Free Exercise Clauses of the First Amendment. Its six paragraphs recite:

29. Young is subject to the law. *Kennedy v Bremerton School District*, 142 S Ct 2407 (2022).

30. The law requires that the ritual go unabated. US Const I.

31. Young stopped the ritual.

32. Young broke the law. US Const I.

33. Young lost her official immunities. *Ex Parte Young*, 209 US 123 (1908).

34. Young should be brought to heel. 42 USC § 1983.

Count Two proceeds under the Establishment Clause of the First Amendment. Its eleven paragraphs recite:

35. Young is subject to the law. *Kennedy v Bremerton School District*, 142 S Ct 2407 (2022).

36. The law requires that government stay out of religion's way. US Const I.

37. The legislators passed the religious statutes.

38. The religious statutes further a different religion's views.

3

39. The congregants do not hold those views.

40. The congregants attempted the ritual.

41. The congregants politely declined, and attempted their ritual.

42. Young stopped the ritual.

43. Young broke the law. US Const I.

44. Young lost her official immunities. *Ex Parte Young*, 209 US 123 (1908).

45. Young should be brought to heel. 42 USC § 1983.

Pending is Young's motion to dismiss the third amended complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Dkt 46. She argues that (i) neither Ann Doe nor The Satanic Temple have standing, (ii) she is immune from suit, and (iii) no claims are plausibly stated under the First Amendment.

2.   Standing

Federal courts are ones of limited jurisdiction. *Howery v Allstate Insurance Co*, 243 F3d 912, 916 (5th Cir 2001). Subject-matter jurisdiction is thus inherently a threshold matter. *Steel Co v Citizens for a Better Environment*, 523 US 83, 94–95 (1998). A decision to hear a case that's beyond the subject-matter jurisdiction of a federal court isn't a "mere technical violation," but is instead "an unconstitutional usurpation" of power. Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 3522 (West 3d ed April 2022 update).

Dismissal is appropriate "when the court lacks the statutory or constitutional power to adjudicate the claim." *In re Federal Emergency Management Agency Trailer Formaldehyde Products Liability Litigation*, 668 F3d 281, 286 (5th Cir 2012). Rule 12(b)(1) permits a defendant to seek such dismissal. Once put at issue, the party asserting jurisdiction has the burden to establish by a preponderance of the evidence that it properly exists. *New Orleans & Gulf Coast Railway Co v Barrois*, 533 F3d 321, 327 (5th Cir

4

2008). Indeed, a presumption against subject-matter jurisdiction "must be rebutted by the party bringing an action to federal court." *Coury v Prot*, 85 F3d 244, 248 (5th Cir 1996).

This includes objection to the standing of the plaintiff to assert a claim. *Moore v Bryant*, 853 F3d 245, 248 n 2 (5th Cir 2017). The party asserting a claim in federal court must establish Article III standing by showing that (i) he or she has suffered an injury in fact, (ii) the injury is fairly traceable to the challenged conduct, and (iii) the injury is likely to be redressed by a favorable decision. *Lujan v Defenders of Wildlife*, 504 US 555, 560–61 (1992). The plaintiff must clearly allege facts at the pleading stage establishing all three criteria. *Spokeo Inc v Robins*, 578 US 330, 338 (2016). The Fifth Circuit holds that "if the plaintiff does not carry his burden 'clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute,' then dismissal for lack of standing is appropriate." *Hotze v Burwell*, 784 F3d 984, 993 (5th Cir 2015), quoting *FW/PBS Inc v City of Dallas*, 493 US 215, 231 (1990).

Young argues that Plaintiffs fail in the third amended complaint to allege facts sufficient to support the standing of either Ann Doe or The Satanic Temple. Dkt 46 at 9–12. Plaintiffs appear to concede that their pleading is insufficient of itself because their response relies primarily upon alleged facts not found in the operative complaint. See Dkt 52 at 4–10. But that resort to extraneous materials misapprehends the nature of the inquiry.

The Fifth Circuit recognizes that a motion under Rule 12(b)(1) can present two different types of challenges to standing—one facial, the other factual. See *Paterson v Weinberger*, 644 F2d 521, 523 (5th Cir 1981); *Lee v Verizon Communications Inc*, 837 F3d 523, 533 (5th Cir 2016); see also *Constitution Party of Pennsylvania v Aichele*, 757 F3d 347, 358 (3d Cir 2014); *Salter v Quality Carriers Inc*, 974 F3d 959, 964 (9th Cir 2020); *Morrison v Amway Corp*, 323 F3d 920, 925 n 1 (11th Cir 2003). In a *facial challenge*, the defendant argues simply that the allegations in the

complaint are insufficient to support jurisdiction. The court on such motion must then look only at the operative complaint, with all allegations presumed to be true. See *Paterson v Weinberger*, 644 F2d at 523. In a *factual challenge*, the defendant submits evidence together with the argument contesting jurisdiction. The court then isn't limited to the facts pleaded in the complaint, but instead has discretion to consider any evidence submitted by the parties, such as affidavits, testimony, and documents. Ibid; see also *Kasali v FBI,* 2017 WL 6343654, *2 (SD Tex 2017). Discretion would then also exist to weigh any competing evidence based on credibility assessments. *Williamson v Tucker,* 645 F2d 404, 413 (5th Cir 1981) (citation omitted).

The motion by Young in this regard presents only a facial challenge to the third amended complaint, upon argument that the pleaded allegations are insufficient to support standing. Extraneous evidence is neither offered nor attached. Resolution of the motion is thus limited to consideration of the third amended complaint itself.

*As to Ann Doe,* the third amended complaint fails to allege any facts about her or her circumstances. Indeed, it doesn't even mention her in the section purporting to describe the parties to the action. See Dkt 39 at ¶¶ 4–9. With no facts about her pleaded, no *injury-in-fact* is plausibly alleged. Even were injury assumed, *traceability* of any such injury is a mystery because no particular action against her by Young is alleged. Yet even assuming a traceable injury, nothing suggests *redressability*. The only relief requested against Young is that she be ordered "to recognize a religious exemption for abortion." Dkt 39 at 6. But the motion argues—on a point to which Plaintiffs make no response—that "the physicians who perform abortions in Texas will still be subject to criminal prosecution," with Young having "no connection to or control over any of the district attorneys or other prosecutors throughout Texas." Dkt 46 at 10–11, citing Tex Health & Safety Code § 170A.001 *et seq.*

*As to The Satanic Temple,* the third amended complaint makes no attempt at showing the entity's own

6

potential for individual standing. Nothing suggests that the unspecified *religious statutes* are directed at it. See Dkt 39 at ¶¶ 15–16. Nor does the third amended complaint state that The Satanic Temple is itself prohibited from doing any particular thing. Instead, it asserts only that "the congregants tried to engage in the ritual" but were "unsuccessful." See id at ¶¶ 25 & 27. This serves only to focus inquiry on the circumstances of individual members. And for an association to have standing to sue on behalf of its members, it must show that "its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Friends of the Earth Inc v Laidlaw Environmental Services (TOC) Inc*, 528 US 167, 181 (2000). At best, the third amended complaint describes in bare terms the beliefs of adherents, without in any way alleging facts about what happened to any one of them. And given the private, medical nature of the underlying subject matter, it seems likely that the participation of individual members will be necessary in some respects. At the very least, The Satanic Temple hasn't met its burden to muster proof in that regard.

As noted, Plaintiffs seek consideration of facts alleged in earlier versions of their complaints. But amended complaints supersede all prior versions. *New Orleans Association of Cemetery Tour Guides v New Orleans Archdiocesan Cemeteries*, 56 F4th 1026, 1033 (5th Cir 2023). This means that other allegations in prior versions aren't appropriately taken into account for the very reason that they were explicitly withdrawn. Pertinent facts must instead be currently pleaded because standing is determined as of the time that the *operative* complaint was filed. See *Valley Forge Christian College v Americans United for Separation of Church and State*, 454 US 464, 472 (1982); *BCR Safeguard Holding, LLC v Morgan Stanley Real Estate Advisor, Inc*, 614 Fed Appx 690, 698

(5th Cir 2015); *Mink v Suthers*, 482 F3d 1244, 1254–55 (10th Cir 2007).

It's also inappropriate to consider facts contained in other documents on the record. Such items weren't even pleaded as allegations in the first place. It was thus incumbent on Plaintiffs to include any such facts in their third amended complaint or, at the very least, to incorporate them by reference. They did no such thing. Instead, they allege plainly insufficient facts to support standing as to both Ann Doe and The Satanic Temple.

Simply put, by failing to make anything beyond conclusory allegations in their third amended complaint, Plaintiffs' pleading reads as one asserting nothing more than a "generalized grievance" on behalf of Plaintiffs against the abortion laws of Texas. See *Lujan*, 504 US at 575. That's insufficient to support standing. Dismissal will be entered on this basis.

### 3. Sovereign immunity

Briefing of the motion to dismiss proceeds on the mistaken assumption that the Texas Health and Human Services Commission has itself been named in the third amended complaint. See Dkt 46 at 12–14. It hasn't. But had it been, sovereign immunity would surely pertain and require dismissal. The Commission is a state agency. For example, see Tex Govt Code § 531.021(a); *Simmons v Smith*, 774 F Appx 228, 229 (5th Cir 2019). And the Fifth Circuit holds, "State agencies are entitled to Eleventh Amendment sovereign immunity." *City of Austin v Paxton*, 943 F3d 993, 1003 (5th Cir 2019).

Instead, only Cecile Young is named, identified in the caption in her official capacity as the Executive Commissioner. See Dkt 39 at 1. Sovereign immunity extends to her actions in that regard insofar as suits against state officials in their official capacities are treated as suits against the state. *Russell v Jones*, 49 F4th 507, 513 (5th Cir 2022). Even so, the Supreme Court long ago recognized a limited exception to sovereign immunity, in *Ex parte Young*, 209 US 123 (1908), that permits "suits for

prospective injunctive relief against state officials acting in violation of federal law." *Frew ex rel Frew v Hawkins*, 540 US 431, 437 (2004). For the exception to apply, the state official must have "some connection" to enforcement of the challenged statute—meaning that he or she must have "the particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty." *Morris v Livingston*, 739 F3d 740, 746 (5th Cir 2014) (citation omitted).

Young argues that the third amended complaint is so devoid of explanation that Plaintiffs fail to demonstrate that any exception to sovereign immunity applies. Dkt 46 at 12–14. Plaintiffs don't respond to this argument in any meaningful way. They simply (and flatly) cite *Ex parte Young* and assert liability. See Dkt 52 at 7. But it isn't up to this Court to ponder what specific argument this entails, to theorize what the best argument in this regard might be, or to imagine how they might be connected to facts that haven't been pleaded.

Failure to brief a point forfeits opposition to that point. See *Henderson v Wells Fargo Bank NA*, 974 F Supp 2d 993, 1017 (ND Tex 2013), citing *Black v North Panola School District*, 461 F3d 584, 588 n 1 (5th Cir 2006). Action against Young will be dismissed on this basis.

But dismissal is also appropriate even apart from forfeiture. Challenge under Rule 12(b)(1) is the appropriate means by which to assert immunity to suit. See *Warnock v Pecos County*, 88 F3d 341, 343 (5th Cir 1996). The standards stated as to standing thus pertain equally here. And as above, the pleading in the third amended complaint is so bare that it cannot hope to establish the applicability of the *Ex parte Young* exception. What's being challenged? No particular statute is even cited, with reference instead only to unspecified "religious statutes" that "legislators enacted" and "Young enforced." Id at ¶¶ 15 & 26. How is Young involved in their enforcement, and how, when, why, and in what way did she apply them to Plaintiffs? Unknown. The unelaborated allegations are solely that she was "authorized . . . to interfere with the ritual," "enforced

the religious statutes," and "stopped the ritual." Id at ¶¶ 24, 26 & 28.

This concern on immunity overlaps somewhat with argument that the third amended complaint fails to state a claim under Rule 12(b)(6). For example, see *Bell Atlantic Corp v Twombly*, 550 US 544, 570 (2007); *Ashcroft v Iqbal*, 556 US 662, 678 (2009). But overcoming assertion of sovereign immunity is itself subject to the mandate of Rule 8(a)(2) requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." The operative complaint cites *Ex parte Young* and recognizes it must be met in both causes of action. See Dkt 39 at ¶¶ 33 & 44. But Young's immunity with respect to enforcement of restrictions on access to abortion services depends upon knowing her obligations and discretion under particular statutes. Yet no statutes are cited or explained. This makes it impossible to discern any "particular duty [of Young] to enforce the statute in question" or her "demonstrated willingness to exercise that duty." *Morris*, 739 F3d at 746.

In addition to dismissal for lack of standing, dismissal will be entered as to sovereign immunity.

### 4.   Failure to state a claim

As just noted, Rule 8(a)(2) requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows the defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted." Read together, the Supreme Court holds that Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 US at 678, quoting *Twombly*, 550 US at 555. To survive a motion under Rule 12(b)(6), the complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v Taylor*, 503 F3d 397, 401 (5th Cir 2007), quoting *Twombly*, 550 US at 555.

Without any supporting detail, Plaintiffs assert two causes of action under the First Amendment, one being a claim swirling together the Free Speech and Free Exercise Clauses, and the other pertaining to the Establishment Clause. Young argues that these claims are so inadequately pleaded as to deprive her of fair notice as to what exactly this suit is about in the wake of *Dobbs*. Dkt 46 at 14–18.

Plaintiffs devote all of four paragraphs in response, arguing that the level of detail is sufficient, while again urging consideration of sources extraneous to the complaint itself. See Dkt 52 at 11–12. But under Rule 12(b)(6), matters beyond the four corners of the operative complaint aren't considered. See *Brand Coupon Network LLC v Catalina Marketing Corp*, 748 F3d 631, 635 (5th Cir 2014). It was Plaintiffs' simple burden to plead allegations that "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 US at 561. Instead, their broad and conclusory allegations are devoid of actual facts, at most offering "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id at 555.

Were it appropriate to reach challenge on failure to state a claim, the same deficiencies noted above as to subject-matter jurisdiction would certainly impact the analysis. And dismissal might then potentially enter with prejudice. See *Csorba v Varo Inc*, 58 F3d 636, 636 n 2 (5th Cir 1995, *per curiam*). But instead, this action will be dismissed without prejudice for the jurisdictional reasons determined above. The merits needn't, and shouldn't, be resolved. See *Hix v US Army Corps of Engineers*, 155 Fed Appx 121, 127 (5th Cir 2005).

### 5.   Potential for repleading

The remaining question is whether Plaintiffs should be given leave to further replead their claims. Rule 15(a)(2) provides that a district court "should freely give leave [to amend] when justice so requires." The Fifth Circuit has long held that this evinces a bias in favor of granting leave to amend. See *Dussouy v Gulf Coast Investment Corp*,

660 F2d 594, 597 (5th Cir 1981); *Carroll v Fort James Corp*, 470 F3d 1171, 1175 (5th Cir 2006).

But whether to grant leave to amend is within the sound discretion of the district court. *Pervasive Software Inc v Lexware GmbH & Co KG*, 688 F3d 214, 232 (5th Cir 2012), quoting *Wimm v Jack Eckerd Corp*, 3 F3d 137, 139 (5th Cir 1993). It may be denied "when it would cause undue delay, be the result of bad faith, represent the repeated failure to cure previous amendments, create undue prejudice, or be futile." *Morgan v Chapman*, 969 F3d 238, 248 (5th Cir 2020), citing *Smith v EMC Corp*, 393 F3d 590, 595 (5th Cir 2004).

Plaintiffs initiated this action in February 2021 with their original complaint. Dkt 1. They filed a first amended complaint as of right later that month. Dkt 12. They then sought and obtained leave to file a second amended complaint in May 2021. Dkt 26; see also Dkts 24 & 25. Each of these prior iterations approached twenty pages in length and contained essential details about the subject statutes and parties. See Dkts 1 at ¶¶ 58–83, 12 at ¶¶ 58–84 & 26 at ¶¶ 58–88.

Defendants named in the second amended complaint included Texas Health and Human Services Commission and Young. Dkt 26 at ¶¶ 11–12. They moved to dismiss, arguing that Plaintiffs lacked standing and that they failed to state plausible claims, including as to a substantive-due-process claim asserted under *Planned Parenthood of Southeastern Pennsylvania v Casey*, 505 US 833 (1992). Dkt 28. Following lengthy hearing in August 2021, this action was stayed pending decision in *Dobbs v Jackson Women's Health Organization*, which by then the Supreme Court had determined to hear. See Dkt 33; see also 141 S Ct 2619 (2021) (granting *certiorari*). The motion to dismiss was later denied without prejudice to reassertion. See Dkt 34. In that latter order, Plaintiffs were specifically instructed to advise whether they would seek leave to file an amended complaint to account for any potential change in the law. See Dkt 34. They requested leave to do so in a status report entered after the decision in *Dobbs*. Dkt 37.

12

That request was granted, resulting in the filing of the third amended complaint. See Dkts 38 & 39.

All of this was towards giving Plaintiffs the chance to replead and bring forward the best possible version of their claims. Yet they proceeded on that post-*Dobbs* opportunity to submit an exceedingly thin complaint, one far more diminutive than prior versions. And they did so in the face of a statutory landscape in Texas that had changed dramatically. This included a trigger law that took effect upon decision in *Dobbs*. See Tex Health & Safety Code §§ 170A.002–170A.007. As well, the never-repealed criminal statutes predating *Roe* became enforceable again. See Tex Rev Civ Stat §§ 4512.1–4512.4. Also post-dating the second amended complaint was the law permitting civil actions against physicians who perform abortions following detection of a fetal heartbeat. Tex Health & Safety Code §§ 171.204, 171.208.

Given the detail of the prior complaints and these substantial changes in the law, the deficiencies in the operative complaint are no doubt intentional. And indeed, the filing of a willfully deficient amended complaint is of a piece with the mulish litigation conduct by counsel for Plaintiffs, Attorney Matt Kezhaya, in this and other actions representing The Satanic Temple. Recently considered in this regard was whether to revoke his permission to proceed *pro hac vice* in light of sanctions entered against him in other federal courts after his appearance here. For example, see *Satanic Temple Inc v City of Belle Plaine*, 2022 WL 1639514 (D Minn) (imposing sanctions for filing frivolous lawsuit); *Satanic Temple Inc v City of Boston*, 2022 WL 1028925, *6 (D Mass) (imposing sanctions for abusive subpoena practice). As summarized there:

> This Court is similarly concerned about Attorney Kezhaya's ability to practice in federal court in a professional and reasonable manner. For example, when initiating this action, he filed a motion for a temporary restraining order on February 5, 2021,

with respect to an abortion scheduled the next day for Ann Doe—when his filings made clear that he could and should have sought such relief much earlier, if it was sincerely sought. See Dkts 2 (motion for TRO) & 9 (order denying relief). Following decision in *Dobbs v Jackson Women's Health*, 142 S Ct 2228 (2022), he was granted leave to amend his complaint. Dkt 38. The amended complaint he filed is, charitably stated, cryptic. Dkt 39. He then filed a second motion for TRO containing negligible legal analysis, with six pages of the main analysis dedicated to presentation of what's purported to be a five-act play. See Dkt 40 (motion). That motion itself was filed in a manner and on a schedule at odds with a briefing schedule on which Attorney Kezhaya had been consulted and to which he had agreed. See Dkt 42 (order). Worse still, he followed that motion up with an intemperate letter demanding *instanter* ruling, while threatening to seek *mandamus* relief from the Fifth Circuit. See Dkt 41. And most recently, as to a pending motion to dismiss, his response included a photograph apparently intended to shock the reader. See Dkt 52 at 6; see also Federal Rule of Evidence 403.

Dkt 65 at 1–2. Ultimately, *pro hac vice* status wasn't revoked. Id at 3. But this doesn't mean such conduct was found acceptable.

Litigation of constitutional claims is a serious matter. Such issues deserve serious attention from counsel desiring to be taken seriously. As it turns out, Plaintiffs might have been better served by proceeding *pro se*, as applicable standards would dictate that their filings would be "liberally construed" and "held to less stringent

standards than formal pleadings drafted by lawyers." *Erickson v Pardus*, 551 US 89, 94 (2007), quoting *Estelle v Gamble*, 429 US 97, 106 (1976) (cleaned up). Instead, Plaintiffs have mustered on with counsel of their choice, and he does very little to try and assist understanding of what their claims actually are.

The exercise of discretion favors dismissal without permission to replead. The above concerns demonstrate undue delay and bad faith. And any repleading at this stage would manifest undue prejudice to a range of current and former Defendants who still have little clue as to the exact nature of the claims brought in this case. The Court is also of the firm belief that any further attempt at repleading would be futile, given that Attorney Kezhaya's filings become more conclusory, reductive, and intemperate over time, in line with his performative and obstinate conduct to date.

The third amended complaint is willfully inadequate and deficient. It fails for jurisdictional reasons and would also likely fail for insufficient pleading of the merits. Plaintiffs will not be given leave to replead.

6.   Conclusion

The motion by Defendant Cecile Young to dismiss is GRANTED. Dkt 46.

This civil action is DISMISSED WITHOUT PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on July 3, 2023, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge