United States Courts
Southern District of Texas
FILED

*September 11, 2023*

Nathan Ochsner, Clerk of Court

# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-20459

---

United States Court of Appeals
Fifth Circuit

**FILED**

August 18, 2023

Lyle W. Cayce
Clerk

THE SATANIC TEMPLE, INCORPORATED,

*Plaintiff—Appellant*,

*versus*

TEXAS HEALTH AND HUMAN SERVICE COMMISSION;
CECILE YOUNG,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-387

---

Before SMITH, HIGGINSON, and WILLETT, *Circuit Judges*.

JERRY E. SMITH, *Circuit Judge*:

The Satanic Temple, which describes itself as a "nontheistic religion whose membership openly defies the authority of God and the Church," and an anonymous member thereof sued the Texas Health and Human Services Commission ("THHSC"), its Executive Commissioner (currently Cecile Young), and the Planned Parenthood Center for Choice, Inc., seeking injunctive and declaratory relief against several Texas abortion laws.[1]

---

[1] After successive amended complaints, only Cecile Young remains as a defendant,

No. 22-20459

Plaintiffs moved for a temporary restraining order ("TRO") and a preliminary injunction against Young; the district court denied the motion. The Satanic Temple (but not its anonymous member) appealed.

While the appeal was pending, the litigation continued apace in district court. Defendants[2] moved to dismiss for lack of jurisdiction[3] and for failure to state a claim.[4] The district court granted the motion and dismissed the suit without prejudice but without leave to replead.

To settle any doubt: The district court had jurisdiction to proceed on the merits of the case. An appeal from a grant or denial of a preliminary injunction does not inherently divest the district court of jurisdiction or otherwise restrain it from taking other steps in the litigation.[5] The district court therefore had the power to dismiss plaintiffs' claims despite the pendent appeal.

But given the dismissal, we also must assure ourselves of jurisdiction.[6]

---

sued in her official capacity.

[2] THHSC apparently (and mistakenly) thought it was still a party to the suit.

[3] *See* FED. R. CIV. P. 12(b)(1).

[4] *See id.* 12(b)(6).

[5] *Ry. Lab. Execs.' Ass'n v. City of Galveston ex rel. The Bd. of Trs. of the Galveston Wharves*, 898 F.2d 481, 481 (5th Cir. 1990); 11A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2962, Westlaw (database updated Apr. 2023) ("An appeal from the grant or denial of a preliminary injunction does not divest the trial court of jurisdiction or prevent it from taking other steps in the litigation while the appeal is pending. . . . The only restriction on the trial court's power occurs if the appellate court enters an order staying the lower court until the appeal has been completed.").

[6] *Elldakli v. Garland*, 64 F.4th 666, 670 (5th Cir. 2023) ("This court has a continuing obligation to assure itself of its own jurisdiction, sua sponte if necessary." (quoting *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 468 (5th Cir. 2020) (en banc))).

No. 22-20459

The courts of appeals have jurisdiction over appeals from certain interlocutory orders, including orders refusing injunctions.[7]  Such jurisdiction, however, may be lost, as here.[8]  "A denial of permanent relief moots the appeal from a denial of preliminary relief."[9]  That proposition is consistent with the function of preliminary relief, which is "to preserve the status quo during the pendency of trial court proceedings"—a function that loses vitality when there are no longer trial court proceedings.[10]

Plaintiffs have some recourse, however.  "When a district court enters a final judgment in a case, interlocutory orders rendered in the case typically merge with the judgment for purposes of appellate review."[11]  Plaintiffs have

---

[7] 28 U.S.C. § 1291(a)(1).  Although we now lack jurisdiction over the entire appeal, we were always unable to review the denial of the TRO.  Interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions" are immediately appealable. *Id.*  But TROs are not injunctions for § 1292 purposes and are therefore not subject to review on interlocutory appeal. *Jones v. Tex. Dep't of Crim. Just.*, 880 F.3d 756, 758 n.1 (5th Cir. 2018) (per curiam) (citing *Faulder v. Johnson*, 178 F.3d 741, 742 (5th Cir. 1999)); *see also In re Lieb*, 915 F.2d 180, 183 (5th Cir. 1990) (collecting intra-circuit and out-of-circuit cases and explaining that concerns about mootness are the likely basis for the rule prohibiting appeals of TRO decisions); *see also* 11A WRIGHT & MILLER, *supra* note 5, § 2962 ("[I]t generally has been held that temporary restraining orders are not [appealable].").  The denial of plaintiffs' motion for a TRO was therefore not appealable *ab initio*.

[8] *Koppula v. Jaddou*, 72 F.4th 83, 84 (5th Cir. 2023).

[9] *Id.*

[10] *Id.*  There are rare exceptions, such as when a preliminary injunction issues and affects independent and separate rights from any relief provided by a particular final judgment. *See, e.g., Stacey G. ex rel. William & Jane G. v. Pasadena Indep. Sch. Dist.*, 695 F.2d 949, 955 (5th Cir. 1983) (holding that an appeal of a preliminary injunction was not moot because "the final judgment did not in terms resolve the issue" raised on appeal, i.e., "whether preliminary injunctive relief was appropriate to require [the defendant] to pay the entire interim costs of [the plaintiff's] private schooling prior to the final judgment").  This case presents no such exception.

[11] *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 192 (2d Cir. 1999) (collecting authorities); *Capriole v. Uber Techs., Inc.*, 991 F.3d 339, 343 (1st Cir. 2021) ("[U]pon entry of the

No. 22-20459

already appealed the dismissal of their claims; that appeal is docketed as No. 23-20329. To the extent that plaintiffs want to litigate further any issues that were raised in the preliminary injunction motion and remain live, they may do so in their appeal from the district court's final judgment.[12]

This appeal is DISMISSED for want of jurisdiction.

---

judgment of dismissal of [the] suit, the denial . . . of the first preliminary injunction merge[s] with the . . . final judgment.").

[12] *See Scheff v. Banks*, No. 22-2439-CV, 2023 WL 4715174, at *2–3 (2d Cir. July 25, 2023) (summary order); *see also* 15A WRIGHT & MILLER, *supra* note 5, § 3905.1 ("[T]he general rule [is] that an appeal from final judgment opens the record and permits review of all rulings that led up to the judgment."); 11A *id.* § 2962 ("Upon an appeal from the final decree every interlocutory order affecting the rights of the parties is subject to review in the appellate court.").